## 2854.   BAGWELL *v.* MILAM.

1. The evidence supports the verdict.
2. The exceptions to excerpts from the charge of the court, considered in
   connection with the entire charge, are without substantial merit.
3. An exception that the verdict is contrary to designated instructions is
   simply equivalent to the general ground that the verdict is contrary to
   law; and an assignment that the court erred in overruling a motion to
   award a nonsuit is covered by the general ground that the verdict is
   without evidence to support it.
4. While a verbal agreement that is not to be performed within one year
   is not binding upon the promisor, under the statute of frauds, yet if
   the promisee performs some act essential to the contract, which results
   in loss to him and in benefit to the promisor, his part performance takes
   the contract out of the operation of the statute. There was such part
   performance in this case. Besides, the jury were authorized to believe,
   under the evidence of the plaintiff, that the contract was to be per-
   formed within the year.

DECIDED JUNE 7, 1911.

Action on contract; from city court of Atlanta—Judge Calhoun.
June 21, 1910.

The petition of Milam alleged, that on October 11, 1907, the defendant, Bagwell, made a parol contract with him for a period of 12 months, under which he was to teach telegraphy in the defendant's school, in the city of Atlanta, at a stipulated salary of $60 a month and 10 per cent. of the gross receipts derived from the teaching of telegraphy, that on that day he began his work at the school, and that the defendant wrongfully discharged him on the 1st day of February, 1908. The suit was for the remainder of his salary under the contract, from February 1 until October 11, 1908. Bagwell filed several defenses. First, he denied that the contract was for one year, and alleged that it was indeterminate and could be terminated at will; secondly, he alleged that Milam was wholly incompetent, neglected his duties as a teacher, took no interest in his work as teacher, and was slow and lazy; that under the contract Milam was to go out and solicit students for the school of telegraphy, but this he never did, and under him the school ran down generally in the number of students and the grade of work, on account of his inefficiency and incompetency, and that for these reasons the defendant had a right to discharge him. By an amendment the defendant pleaded the statute of frauds, it being averred that, if the verbal contract relied on as the basis of the suit was for a period of 12 months (which he denied), it was not to be performed within 12 months from the making thereof, and was not binding, because not in writing. On the trial the jury found a verdict for the plaintiff for the balance of his salary claimed to be due under the contract. The defendant's motion for a new trial was overruled.

*Mark Bolding*, for plaintiff in error.

*Edgar Latham, Colquitt & Conyers*, contra.

HILL, C. J. (After stating the foregoing facts.)  1.  The evidence fully supported the allegations made by the plaintiff, although in sharp conflict; and unless some material error of law, prejudicial to the defendant, was committed in the trial of the case, the verdict must stand.

2.  The motion for a new trial complains of the following extract from the charge of the court: "If you believe, from the evidence in the case, that Bagwell and Milam entered into a contract on the 11th day of October, 1907, whereby Milam was to teach in the school of Bagwell's Business College in the department of telegraphy, and that the contract was that Bagwell was to give Milam

$60 a month and 10 per cent. of the gross receipts, and entered into
that contract for 12 months, dated from the 11th day of October,
then the court charges you that Milam was entitled to his wages for
12 months; and if Bagwell turned him off and released him before
his 12 months were out, then he had no right to release him, and
Milam could sue for and recover the balance per month of what he
was entitled to for the 12 months." This excerpt is objected to on
the ground that it does not state the true rule of law, and omits the
qualification that the discharge and turning off of the plaintiff by
the defendant must have been wrongful or unlawful, and in viola-
tion of the contract, before he would be entitled to recover in the
case, and that this error is not cured in any other portion of the
charge.

We think the judge was here stating simply what was necessary
to be shown to make out a prima facie case by the plaintiff, so as to
put the burden upon the defendant to show that it was not a wrong-
ful discharge. The court did not intend to deprive the defendant
of his right to justify the discharge of the plaintiff by establishing
his plea that he did so because of the plaintiff's incompetency and
unfitness as therein alleged, and the jury could not have so under-
stood, because the whole question of fitness or unfitness was gone
into by the evidence fully, and was one of the principal issues to be
determined, and the court not only instructed the jury that they
would have the pleadings out with them, which would contain the
issues in the case, but, as stated, the defense of incompetency was
distinctly relied upon as a justification of the discharge of the plain-
tiff. Besides, the court called the specific attention of the jury to
this defense, in the following language: "Furthermore, the defend-
ant filed his plea that the plaintiff was incompetent when he hired
him for a teacher of telegraphy, and that he was not competent to
teach. The law presumes, when a man hires to do a certain thing,
that he is competent to do it, and, if he is not competent to do it, the
person who hires him has a right to displace him. Whether there
was such incompetency here, you look to the evidence and see, and
you pass upon the evidence upon that plea." It is therefore seen that
the court did distinctly submit to the jury this issue of competency
as made by the defendant's plea and evidence; and, on the assump-
tion that the jurors were men of ordinary intelligence, it is ex-
tremely improbable that they could have been misled by the extract

from the charge into forming the conclusion that the plaintiff was entitled to recover, though the evidence in support of the plea may have shown that he was unfit and incompetent as therein alleged.

Error is assigned on the following excerpt from the charge: "The law presumes, when a man hires to do a certain thing, that he is competent to do it; and if he is not competent to do it, the person who hires him has a right to displace him." This charge is objected to, first, because there is no such presumption of law as that stated; and, secondly, because the person hired might be lawfully discharged for other reasons than mere incompetency. The use of the phrase "the law presumes" is probably inapt; but it is clear, from the context of the charge, that the judge did not mean to instruct the jury that this was such a legal presumption as could not be rebutted by proof. On the contrary, it is plain, from the context, that the judge used the word "presumption" in its ordinary and general acceptation, and that the jury could not have been misled by it. When a man is employed as being competent to do certain work, the fair presumption or inference, until the contrary appears, is that he is so; but the inference is entirely rebuttable, and if it is shown that he was not in fact competent to do the work he held himself out as competent to do and was employed to do, such incompetency would be a sufficient ground for a discharge. In this case the evidence shows that the plaintiff held himself out as a competent telegrapher, that he had been a teacher for many years, and that he was not only a teacher, but a practical telegrapher. Certainly this was sufficient to give rise to a presumption that he was competent to do the work for which he was employed by the defendant, and was sufficient to cast upon the defendant the burden of showing that he was not competent. In the absence of any request for a more elaborate definition of the meaning of the word "incompetent," the instructions on this subject were sufficient. The word "incompetent," in this connection, should be given a very broad definition, and, in view of the evidence, the jury could only have construed it as applicable to and fully illustrating all the different sorts of incompetency and unfitness alleged by the defendant against the plaintiff. The defendant claimed that the plaintiff had no knowledge or skill in teaching, had no enthusiasm or energy, took no interest in his work, and was slow and lazy, and did not solicit students for the school, and that the school ran down greatly while

he was in charge of it. All of these special complaints are appropriately described by the general word "incompetent," and it was not necessary for the court to charge more specifically on this subject, unless requested in writing to be more specific. The jury certainly understood that proof of any of these special allegations of unfitness would support the charge made of incompetency.

3. The ground in the motion for a new trial that the verdict was contrary to the charge of the court on the subject of the statute of frauds need not be specially considered, as it is fully covered by the general grounds of the motion. And the ground that the court erred in refusing to grant a nonsuit will not be considered, because this also is embraced in the general grounds, and is not a proper ground of a motion for new trial.

4. The principal defense relied upon is that the contract was void under the statute of frauds. It is insisted that the evidence clearly showed that the contract was not to be performed within 12 months from the making thereof, and that, as it was not in writing, it was not binding on the defendant. The evidence is in conflict on this question, for the plaintiff testified that the contract was made on October 11, 1907, and was to run for a year from that date, and the inference is deducible from this evidence that all the preceding negotiations between the parties prior to that date were merely preliminary to the closing of the contract; that the promise to employ had been agreed upon, but the contract itself was not actually made until that date, and, indeed, it was uncertain that the contract would be made even at that date. If this is true (and the jury had the right to accept it as the truth), the statute of frauds is not applicable to the contract; and even if this is not true, the undisputed facts, we think, show such part performance as would take the contract out of the statute of frauds. This court in *Bentley v. Smith, 3 Ga. App.* 242 (59 S. E. 720), has stated the test laid down by the decisions of the Supreme Court therein cited for determining what part performance of a verbal contract would take it out of the statute of frauds. That rule or test is that the contract will be taken out of the operation of the statute of frauds whenever one party to the contract performs some act essential to the contract that results in loss or injury to him and in benefit to the other party. Let us apply this rule to the undisputed facts of this case.

Milam was employed by the Louisville & Nashville Railroad Company, in the county of Bartow, as a telegraph operator, and had a steady job as such, when he was first approached by the defendant with the proposition to employ him as a teacher of telegraphy in his school in Atlanta. In order that he might accept the proposed contract with the defendant, it was necessary that he resign his position with the railroad company, and it was suggested to him by the defendant that he send in his resignation. This he did. In other words, he gave up a permanent position in order that he might accept the contract proposed by the defendant. Certainly the doing of this act was essential to his accepting the contract proposed by Bagwell, and the giving up of the position resulted in loss to him and in consequent benefit to Bagwell. Therefore, if, as contended by the defendant, the contract was actually made prior to October 11, 1907, when the defendant first went to see the plaintiff on the subject, it also appears that there was such part performance of the contract on the part of the plaintiff as would take it out of the operation of the statute of frauds. It would be a great wrong on the plaintiff if, after having induced him to surrender a position which he held, to accept the other, the defendant were permitted to claim that such surrender was not essential to his acceptance of the latter position. The facts of this case are not analogous to the facts of the *Bentley* case, supra. In that case this court held that there was no such part performance of the verbal contract as would take it out of the statute of frauds, because all that Bentley did was to move his family to Washington, Ga., where the contract was to be performed; and Judge Russell states, in the opinion, that the plaintiff did not testify that it was essential to the contract in any way that his family should be moved to Washington. The expense of moving was the part performance of the contract relied upon in the *Bentley* case to take it out of the statute of frauds, but it could not be said that the incurring of this expense was an act essential to the contract.

On the question of the statute of frauds we conclude, therefore, first, that the jury were authorized to accept the testimony of the plaintiff that his contract began October 11, 1907, and was to be performed within a year thereafter, that he had made no complete contract prior to that time, and that everything that had been done was preliminary to the making of the final contract on that date;

and, secondly, that, even if the contract was made prior to that time, the resignation by the plaintiff of his position with the railroad company was essential to the making of the contract with Bagwell, was a loss to him and a benefit to Bagwell, which was within the contemplation of both Bagwell and himself, and amounted to such part performance of the contract as took it clearly out of the statute of frauds.                                    *Judgment affirmed.*