3386. HOWARD *v.* CENTRAL OF GEORGIA RAILWAY CO.

1. Where the result of a contract is to create a relationship as to which the law imposes certain specific duties, a violation of one of these duties may give a cause of action in tort in favor of the party to whom the duty is owing. But ordinarily a breach of contract, as such, gives rise only to an action ex contractu. For a railroad company, at one of its agencies, to accept money from a person under a contract to deliver to another person at another time and place a railroad ticket creates only a contractual relationship between the person first named

and the company, and a breach of the contract by a failure to furnish the ticket at the time mentioned does not give rise to an action in tort.

2. A father in one city, being desirous that his son in another city should be furnished railroad transportation, went to the office of the railroad company in his own city and made an agreement with the agent, whereby the father deposited with the agent the usual fare, under an agreement that transportation would be furnished at once to the son in the other city through telegraphic means, and the company failed to furnish the transportation to the son. *Held*, that the father has a right to sue for the breach of the contract; but that he can recover only such damages as were in contemplation of the parties when the contract was made.

DECIDED AUGUST 4, 1911.

Action for damages; from city court of Columbus—Judge Tigner. April 6, 1911.

*D. L. Parmer, Davis & Davis,* for plaintiff.

*C. E. Battle, Howell Hollis,* for defendant.

POWELL, J. The petition alleged that the defendant company is a corporation existing under the laws of this State, owning and operating certain railway lines for the carriage of passengers, and also certain telegraph lines between the cities of Columbus and Atlanta. The plaintiff was in Columbus and had a 13-year-old son in Atlanta, and he desired that the son should come to Columbus without delay. The plaintiff went to the company's office in Columbus and paid to the company's agent $2.77, for which the agent promised to telegraph a "railway ticket" to the son in Atlanta. Petitioner alleges that the defendant company was guilty of certain unreasonable and negligent delay in the delivery of the telegram and the ticket. The son, not having received the ticket, did not come at once, and this caused the father anxiety; he inquired of the railway company's agent at Columbus, and the latter told him that the telegram and the ticket had been sent. His anxiety became so great that he went to Atlanta and incurred certain expenses and lost three days from his work. He sued for these expenses; also for mental pain and suffering caused by his anxiety at his son's not coming in response to his sending the ticket by telegraph. Certain demurrers, both general and special, were filed. The court held that damages for the mental pain and suffering could not be recovered. As to the other damages alleged in the petition, the court sustained certain special demurrers on account of the indefiniteness of allegation, and gave the plaintiff opportunity to amend. The plaintiff refused to amend, and the court dismissed the entire petition. The plaintiff excepts.

1. The petition leaves it somewhat doubtful as to whether the action is brought ex delicto or ex contractu. However, we think that the court properly dismissed it in either event. The plaintiff, in order to sustain his right to sue in tort, cites the Civil Code (1910), § 4403 (3), where it is said that a tort may be the violation of some private obligation by which damage accrues to the individual, and also section 4406, which provides: "Private duties may arise either from statute, or flow from relations created by contract express or implied. The violation of any such specific duty, accompanied with damage, gives a right of action." These sections merely declare the doctrine (well recognized in our decisions) that if the result of a contract is to create a relationship between the parties, and there are certain duties which the law attaches to that relationship, the breach of one of these duties may give rise to an action in tort. For instance, a person makes a contract with a railroad company for transportation over one of its lines; the contract creates the relationship of carrier and passenger; the law attaches to that relationship certain duties, and a neglect of one of these duties gives a cause of action. Likewise, if one person hires himself into the service of another for the performance of labor, the relationship of master and servant is created by the contract. The law imposes upon the master certain duties under that relationship, and a breach of one of those duties may give a cause of action. But it is not to be contended that every contract creates such a relationship, or that the breach of every contract gives a cause of action in tort. The duty, for a breach of which an action ex delicto lies, must be a duty imposed by law as to some relationship, general or special, as applied to that class of cases where the alleged duty arises out of a contract. For instance, if one promises to pay another a given sum of money by a named day, the contract creates a duty to pay; but a breach of that duty is not a tort.

The terms of the contract between the plaintiff and the railroad company in this case are not very explicitly alleged, but we think that we understand what the pleader means to say; and, as we understand it, what he charges is that he paid to the defendant's agent in Columbus the price of a ticket from Atlanta to Columbus, with the understanding that the agent at Columbus would cause

the ticket to be furnished to the plaintiff's son in Atlanta, by sending a certain telegram from Columbus to Atlanta, so that the son in Atlanta could secure the necessary evidence that his transportation had been paid for. This certainly did not create the relationship of carrier and passenger between the plaintiff and the company, nor do we conceive of any relationship that it created, other than the mere ordinary relationship of promisor and promisee; and we do not think that the transaction was such as to give rise to an action in tort.

2. We think that the petition did allege a breach of contract, and, if legal damages had been alleged, a cause of action might have been asserted. The defendant in error contends that if a contract was made, the cause of action for the breach of it existed in favor of the son, and not in favor of the father, and relies upon the cases of *Aiken* v. *Southern Ry. Co.*, 118 *Ga.* 118 (44 S. E. 828, 62 L. R. A. 666, 98 Am. St. Rep. 107), and *Georgia, Carolina & Northern Ry. Co.* v. *Brown*, 120 *Ga.* 380 (47 S. E. 942). The first headnote in the *Aiken* case, which states the substance of what is held in both of these cases, is as follows: "While a husband may make with a railway company a contract for the safe carriage of his wife, the law will not imply such a contract from the mere purchase of an ordinary ticket by the husband for the wife. In such a case the law raises an implied contract for safe carriage in favor of the wife only."

However, the present case is clearly distinguishable from those cases, and it falls squarely within the purview of the decision in the case of *Ogles* v. *Nashville, Chattanooga & St. Louis Ry.*, 130 *Ga.* 430 (60 S. E. 1040, 124 Am. St. R. 175). The headnote, which states the substance of the ruling in that case, is as follows: "A. paid his own money to a railroad agent, for which the agent agreed to issue a railroad ticket and cause it to be delivered at a distant place to B., the married daughter of A., to be used by B. in traveling over the road of the agent's principal, in coming to the home of A. The agent failed to issue the ticket, or to cause a ticket to be issued and delivered to B. Because of failure to receive the ticket, B. was delayed in making the trip, and suffered injury. Suit was instituted against the railroad company by B., for damages alleged to have resulted from a breach of the contract. *Held*, that there was no privity of contract between B. and the

railroad company, and that the petition was open to general demurrer." In the course of the opinion it is said: "There were but two parties to this agreement, the plaintiff's father and the defendant." It is further said in the opinion: "It is alleged that there was a breach of this contract by failure to issue the ticket, and by failure to furnish the plaintiff with transportation. The effect of such allegations was to allege a breach of the contract between the plaintiff's father and the defendant. Clearly any right of action thereunder for injury arising from breach of this contract was in the plaintiff's father, who made it. Had the defendant so far executed the contract as to issue a ticket and deliver it to the plaintiff, the plaintiff, by virtue of holding the ticket, might have been introduced as a party, and for a breach of duty thereafter occurring might recover, under the ruling in *Georgia, C. & N. Ry. Co.* v. *Brown*, 120 *Ga.* 380 (47 S. E. 492), and *Aiken* v. *Southern Ry. Co.*, 118 *Ga.* 118 (44 S. E. 828, 62 L. R. A. 666, 98 Am. St. Rep. 107)."

Construing the case as an action ex contractu, the damages sued for were too remote. They were not such damages as were naturally in the contemplation of the parties at the time of the making of the contract.                    *Judgment affirmed.*