### 4424.  HARRISON *v.* LEE.

RUSSELL, J.  1. Fraud voids all contracts (Civil Code, § 4254), and the law is liberal in allowing ways and means for relieving from the consequences of fraud, provided the presence and evil of the alleged fraud are first shown.

2. The court correctly sustained the demurrer to that paragraph of the defendant's answer which stated that the defendant was induced by fraud to sign the note.  If the defendant could read, there was no reason why he should have reposed special confidence in the agent of the plaintiff; nor was there any exigency which compelled him to haste in executing the note.  The agent of the plaintiff did not fully state the contents of the note, but his statement as to the matter to which the statement related was true.  But even "a false statement is not fraudulent, when there is no reason why the statement should be believed and acted upon." *Branan* v. *Warfield,* 3 *Ga. App.* 586 (60 S. E. 325).

. If the answer of the defendant had set up such a state of facts as would have authorized the conclusion that the defendant was induced to sign the note by fraud on the part of the agent of the plaintiff, the defendant would have been entitled to introduce proof of a breach of any warranty from which resulted a failure of consideration.  But since the defendant failed to allege that the execution of the contract was induced by fraud, his plea, in which it was sought to contradict the terms of the written contract by parol testimony in support of the defense that there had been a breach of an oral warranty given prior to the contract, was properly stricken.  The contract here involved contained no express warranty.  An allegation that its execution was procured by fraud was necessary, and proof to that effect was essential, before the defendant would be permitted to engraft upon the contract an express warranty as to the age of the mules.  The case might be different if the defendant had merely pleaded failure of consideration resulting from a breach of the implied warranty that the mules were merchantable and reasonably suited for the purposes intended.

. There was no error in sustaining the demurrer.

*Judgment affirmed.*

DECIDED AUGUST 30, 1913.

Attachment; from city court of Jeffersonville—Judge Shannon. August 22, 1912.

*L. D. Moore,* for plaintiff.  *F. Chambers & Son,* for defendant.