**20668.   LEWIS *v.* SOUTHERN REALTY INVESTMENT CORPORATION.**

BLOODWORTH, J.   1. As a general rule, "a verbal contract for services, which are to begin at a future date and continue for a period of a year, is void under the statute of frauds." *Williams* v. *Garrison,* 21 *Ga. App.* 44 (2) (93 S. E. 510).

2. "It is not error to grant a nonsuit, where it appears from the evidence, without contradiction, that the contract of employment on which the plaintiff's right of action depended is for a period exceeding one year and is not in writing, and there is no evidence which brings the case within the exception provided by the Civil Code, § 2694 [Code of 1910, § 3223]." *Bentley* v. *Smith,* 3 *Ga. App.* 242 (2) (59 S. E. 720).

3. The plaintiff contends that the statute of frauds is not applicable in this case, because he was an overseer, and contends that there was such part performance of the contract as would take it out of the operation of the statute of frauds. The evidence does not support either contention. "The part performance which will take a contract out of the operation of the statute of frauds is such as is, within the terms of the agreement, an essential part of the contract, and, as such, is essential to the performance of the contract. The fact that the person who has contracted to serve another one year, to commence at a future day, enters upon the performance of his contract does not take the case out of the statute. The servant may quit at any time and recover the value of his services on a quantum meruit, and the master may discharge the servant at any time without incurring liability therefor." *Bentley* v. *Smith,* supra. Plaintiff performed no act essential to the contract and which resulted in loss to him or benefit to the defendant. *Bagwell* v. *Milam,* 9 *Ga. App.* 315 (4).

4. Counsel for plaintiff in error asks that the decision in the case of *Bentley* v. *Smith,* supra, be reviewed and overruled. This request is denied.

5. The court did not err in granting a nonsuit.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*

DECIDED OCTOBER 7, 1930.

*L. L. Woodward, Duncan & Nunn,* for plaintiff.
*Strozier & Gower,* for defendant.