25362.   ALEXANDER-SEEWALD COMPANY *v*. MARETT.

SUTTON, J. 1. As a general rule an oral contract of employment at a specified monthly salary, to commence at a future date and continue for a period of a year, is void under the statute of frauds. Code of 1933, § 20-401; *Kelly* v. *Terrell*, 26 *Ga*. 551; *Williamson* v. *Garrison*, 21 *Ga*. *App*. 44 (2) (93 S. E. 510); *Lewis* v. *Southern Realty Investment Co*., 42 *Ga*. *App*. 171 (155 S. E. 369); *Morris* v. *Virginia-Carolina Chemical Co*., 48 *Ga*. *App*. 702 (173 S. E. 486). Therefore, the oral contract of employment in this case, entered into in November 1934, to commence on December 15, 1934, and to continue for not less than one year from the date last mentioned, is unenforceable under the statute of frauds, unless taken out of the statute as provided by law.

2. However, an oral contract of employment to begin in the future is taken without the statute of frauds "where there has been such part performance of the contract as would render it a fraud of the party refusing to comply, if the court did not compel a performance." Code of 1933, § 20-402(3). The part performance which will take a contract out of the operation of the statute of frauds is such as is, within the terms of the agreement, an essential part of the contract, and as such is essential to the performance of the contract. *Bentley* v. *Smith,* 3 *Ga. App.* 242 (3) (59 S. E. 720). "The act done must be in *performance* of and in pursuance of the parol contract." *Simonton* v. *Liverpool &c. Ins. Co.,* 51 *Ga.* 76, 82.

3. The mere fact that the person who has contracted to serve another for one year, to commence at a future day, enters upon the performance of his contract, does not take the case out of the statute. *Bentley* v. *Smith, Lewis* v. *Southern Realty Inv. Co., and Morris* v. *Virginia-Carolina Chemical Co.,* supra. But, as in this case, where such person at the request of the other party, gave up a job in another State, which was paying him $200 per month, in order to accept employment in this State under the oral contract with the other person at a salary of $400 per month, for a period of at least one year, and where such person was wrongfully discharged, after he had worked for a period of six months under the oral agreement, this was such part performance of the contract as would take it out of the statute of frauds, and for him to be thus discharged was such a fraud as would authorize him to recover for a breach of the oral contract whatever legal damages he has sustained. *Barnett Line of Steamers* v. *Blackmar,* 53 *Ga.* 98; *Hightower* v. *Ansley,* 126 *Ga.* 8 (2) (54 S. E. 939, 7 Ann. Cas. 927); *McLeod* v. *Hendry,* 126 *Ga.* 167 (54 S. E. 949); *Bagwell* v. *Milam,* 9 *Ga. App.* 315 (71 S. E. 684); *Williams* v. *Garrison,* supra; *Clemons* v. *Estes,* 24 *Ga. App.* 480 (101 S. E. 312).

4. Under the allegations of the plaintiff's petition, as amended, it was not error to overrule the defendant's demurrer.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED APRIL 27, 1936.

*John P. Stewart, Harold Hirsch, Marion Smith,* for plaintiff in error.

*Gunn & Hardell, W. T. Daley, Chauncey Middlebrooks,* contra.