## 25541. GEORGIA KAOLIN COMPANY *v.* WALKER.

DECIDED DECEMBER 3, 1936.

*L. D. Moore, Harris, Harris, Russell & Weaver,* for plaintiff in error.

*J. D. Shannon, H. F. Griffin, Grice & Grice,* contra.

STEPHENS, J. W. B. Walker sued Georgia Kaolin Company, alleging that on June 28, 1928, he entered into a contract with the company to operate on its premises a commissary to sell supplies, notions, and merchandise to the employees of the company; that the company and the plaintiff adopted a system under which signed orders from employees of the company for merchandise supplied by the plaintiff would be recognized by the defendant, and deductions made as to the employees; that the contract was determinable at the will of either party by giving thirty days written notice to the other party; that the contract gave the plaintiff the exclusive right to maintain a commissary on the defendant's premises, and stipulated that during said term the defendant would not grant a like right to other persons; that pursuant to the agreement the plaintiff placed in the commissary building on the defendant's grounds a stock of merchandise, and proceeded to operate a commissary business, and did so until July 15, 1934, when he was driven out of business by the wilful and malicious

conduct of the defendant through its agent and employee; that from the beginning until about June 1, 1934, the plaintiff did a lucrative business, but on or about that time the defendant wilfully and maliciously conspired to and did violate the terms of the agreement, and by wilful and malicious acts intended to injure the plaintiff finally ruined and destroyed his business, credit, and standing, which action resulted in the complete destruction of his business on July 15, 1934, on which date the defendant terminated the contract without notice to him; that, notwithstanding the contract provided that the defendant would not grant a like right to others, the defendant violated its terms by making deductions from its pay-roll, on account of its employees, for goods purchased by them from competitors of the plaintiff not located on its premises, and by so doing wilfully aided competitors of the plaintiff with the intent to injure and damage the plaintiff and drive him from business; that on January 1, with the wilful purpose of destroying the business of the plaintiff, the defendant would make full deduction from the amount due its employees to competitors of the plaintiff, and would knowingly leave unpaid bills due the plaintiff; that when the plaintiff was finally driven from his business there remained on his books and due him by the employees of the defendant the sum of $1500, occasioned by the wilful and malicious conduct of the defendant in rendering the plaintiff unable to collect the same; that about the spring of 1933 the defendant actually went into competition with the plaintiff by selling to its employees batteries, tires, auto parts, and accessories, and its employees, at the instance and suggestion of the defendant, would go to Macon and buy goods and charge them to the defendant, and the defendant would make deductions from their pay-rolls and send remittances to competing firms, all of which was done with the design to injure and damage the plaintiff and drive him from business; that the plaintiff earned $333 a month in his business, and since he was forced out of business by the defendant, he has lost seven months profits, or a total of $2331; that by reason of being forced to close his business he lost his credit, and his standing in the commercial world was ruined, all of which was occasioned by the conduct of the defendant, all to his injury and damage in the sum of $25,000. He prayed for damages in that sum, for $1500 in bills alleged to be due him by the defendant's employees, and

for $2331 as earnings for a period of seven months since his business was destroyed. The copy of the contract attached to the petition provided that the defendant, for the sum of $5 per month, rented to the plaintiff a certain commissary building at the plant of the defendant, the contract to be determinable at the will of either party by giving to the other party thirty days written notice; that the defendant agreed that the plaintiff might maintain in the building a store for the purpose mainly of selling groceries, supplies, and other merchandise to the defendant's employees, and the defendant agreed to put into effect a system, under reasonable regulations, under which signed orders from the employees of the defendant for merchandise and supplies furnished by the plaintiff would be recognized by the defendant and deductions made from the pay-roll of the defendant as to said employees; and that the defendant granted to the plaintiff the exclusive right to maintain a commissary on the premises, and that during the term of the agreement it would not grant a like right to other people.

The defendant demurred to the petition, generally and on eighteen special grounds which contain numerous subparagraphs. The main objections urged by the demurrer were misjoinder of causes of action, joinder of actions ex contractu with an action ex delicto, failure to set forth a proper measure of damages, that the plaintiff's cause of action was solely for a breach of a private contract, that some allegations were indefinite and uncertain and stated mere conclusions, that as to certain allegations no bill of particulars was set out, that certain of the damages claimed were remote and speculative, and that the plaintiff prayed for damages for breach of the contract and also damages for a tort.

The plaintiff amended the petition by alleging that by deducting the amount of the accounts of his employees with the competitors of the plaintiff, not located on its premises, the defendant breached its duty to the plaintiff by violating that part of the contract in which the defendant agreed to put into effect a system, under reasonable regulations, under which signed orders from the employees of the defendant would be recognized by the defendant, and deductions made from its pay-rolls as to its employees, and as part of said system it was agreed between the parties that the defendant would not make deductions from the pay-rolls of its

employees for accounts due by them to other tradesmen, but would make out their pay-checks in full and deliver them to the plaintiff in order that he might be able to collect the accounts which the employees were due him from time to time; that, instead of making out the pay-checks and delivering them to the plaintiff, the defendant in making out the pay checks would deduct from the amount thereof the sum due by the employees to the plaintiff's competitors, thus rendering it impossible for the plaintiff to collect for his advances to the employees, as a result of which the defendant damaged the plaintiff in the amount of these uncollected bills ($1500), which he could have collected had the system been followed; all of which was done by the defendant with the wilful and malicious purpose of destroying the business of the plaintiff; that the names of the plaintiff's competitors, the names of particular employees and the amount of their uncollected accounts, the names of the employees to whom the defendant sold goods, and the amounts deducted from the pay-rolls, were as shown in exhibits attached to the amendment; that under the system put into effect by the defendant, which was followed for more than five years, its employees were paid twice a month, and between pay-days it was necessary for supplies to be advanced to them, which supplies were agreed to be advanced by the plaintiff, not by the defendant or by any one else, and the plaintiff did advance supplies regularly, it being agreed that the pay-checks would be made payable to the employees and delivered to the plaintiff who would pay to each employee the amount of his check less the amount owed by him to the plaintiff's commissary, the plaintiff thus knowing how much each employee was earning and being able to limit the credit extended so as to be secure, and thus the plaintiff realized a fair profit so long as the system was followed; that his net earnings were about $333 per month until the defendant began its policy of injuring him, and by reason of its wilful and malicious conduct, as elsewhere set forth in the petition, the plaintiff was unable to earn anything from the business from January 1st to July 15, 1934, wherefore he was damaged in the sum of $2164.50; that he failed in business solely on account of the conduct of the defendant, losing his good credit rating and his good character in the commercial world; that he waives his right to sue for breach of contract, and brings this action in tort; that the wrongs complained

of flowed directly from the defendant's conduct in breaching its duty to the plaintiff in going into competition with him and selling directly to its employees, and in deducting from the pay-checks of its employees the amounts due by them to the plaintiff's competitors; and that said wilful and malicious conduct of the defendant concurred in bringing about the damage complained of. The plaintiff prayed for damages in the sums of (1) $1500 special damage outlined in paragraph 7 as amended; (2) $2164.50 as special damage referred to in substituted paragraph 10; (3) $25,000 to compensate him for the wrongs and injuries by the defendant in bringing about his downfall in the commercial world, and in destroying his good commercial standing and credit as set forth in paragraph 11; (4) $10,000 punitive damages on account of humiliation, mental pain, and embarrassment caused him by the wilful and tortious conduct of the defendant under aggravating circumstances, over the frequent and earnest protest of the plaintiff, and with the intention of causing him unnecessary inconvenience, trouble, and embarrassment.

The defendant objected to the amendment on the grounds (1) that it set up new and separate causes of action; (2) that the petition as originally filed was fatally defective for duplicity and misjoinder, and there was nothing then before the court which could be amended; (3) that by the amendment it was sought to strike out certain causes of action, and to substitute other causes. These objections were overruled and the defendant assigned error. The demurrers to the petition as amended were renewed, and were overruled, and the defendant excepted.

The acts of the defendant on which liability is predicated, which it is alleged constitute tortious wrongs for which the plaintiff can recover in a tort action are: the termination of the contract by the defendant, without having given the plaintiff thirty days notice; deductions made by the defendant from wages of its employees, for the purpose of paying their indebtedness to competitors of the plaintiff; and the sale of goods by the defendant to its own employees in competition with the plaintiff. None of these acts constitutes a violation of any duty owed by the defendant to the plaintiff, otherwise than as created by the contract. Therefore there is no right of action ex delicto by reason of the acts complained of. Any wilfulness or malice on the part of the

defendant in the performance of the acts complained of does not change the character of the acts from mere breaches of contract to acts which give rise to a cause of action ex delicto. The petition as amended, in which the plaintiff expressly alleges an action for tort, failed to set out a cause of action, and the court erred in overruling the general demurrer. See *City & Suburban Railway* v. *Brauss,* 70 *Ga.* 368; *Fain* v. *Wilkerson,* 22 *Ga. App.* 193 (2) (95 S. E. 752); *Manley* v. *Exposition Cotton Mills,* 47 *Ga. App.* 496 (170 S. E. 711).

*Judgment reversed. Jenkins, P. J., and Sutton, J., concur.*