33882. COFER *et al. v.* WOFFORD OIL CO. OF GEORGIA.

DECIDED FEBRUARY 28, 1952.

446

*Randall Evans Jr.*, for plaintiffs.

*W. F. Wimberly, Harris, Chance & McCracken, Stevens & Stevens*, for defendant.

SUTTON, C. J. ■ The contract sued on was one whereby the defendant was to give the plaintiffs the exclusive right to sell goods, purchased from the defendant, in a certain territory for a period of ten years, and in return the plaintiffs were to sell and deliver these goods and also to purchase the stock of the former agent. The testimony of Ed Cofer, one of the plaintiffs, was to the effect that he would not take the business for a shorter time than ten years, and the damages claimed by the plaintiffs were the expected profits from the agency over a ten-year period. The contract was one not to be performed within one year from the making thereof, and so was required to be in writing, by Code § 20-401 (5), to be binding upon the defendant. See *Yarborough* v. *Hi-Flier Mfg. Co.*, 63 *Ga. App.* 725 (1) (12 S. E. 2d, 133).

■ The contract was alleged to be "confirmed by writings from the defendant." The plaintiffs contend that the postcard, signed

by the defendant's agent McDonald, and stating that "We came to you with the proposition," is sufficient to satisfy the requirements of the statute, as an acknowledgment or recognition that there was a contract between the parties.. They rely on the case of *Georgia Refining Company* v. *Augusta Oil Co.*, 74 *G.* 497 (3). In that case, however, it was held that the contract not only was recognized by the correspondence, but also was partly performed. The writing or memorandum of the contract, to meet the requirements of the statute of frauds, must be complete in itself, with nothing left in parol. *F. & W. Grand &c. Stores* v. *Eiseman*, 160 *Ga.* 321 (1) (127 S. E. 872). It must show all the terms of the contract, the parties, and their assent thereto, in addition to showing the fact that there was a contract between the parties. *Smith* v. *Jones*, 66 *Ga.* 338 (42 Am. R. 72); *Borum* v. *Swift & Co.*, 125 *Ga.* 198 (53 S. E. 608); *Wilkerson* v. *Patton Sash &c. Co.*, 10 *Ga. App.* 697 (1) (73 S. E. 1088). The correspondence introduced in evidence in the present case contained none of the terms of the alleged contract, except possibly that the performance thereof was to begin on September 25, 1950, and was insufficient to comply with the statute of frauds.

■ The statute of frauds does not extend to the following cases: "1. When the contract has been fully executed.   2. Where there has been performance on one side, accepted by the other in accordance with the contract.   3. Where there has been such part performance of the contract as would render it a fraud of the party refusing to comply, if the court did not compel a performance."   Code, § 20-402.

It is the plaintiffs' contention that their purchase of the pick-up truck, their employing a clerk for their grocery business with the intention of later employing him in the sales agency, and their allowing the inventory of their grocery business to diminish because they intended to sell that business, constituted part performance of the contract sufficient to remove the case from the operation of the statute of frauds.   However, the hiring of the clerk was not contemplated by the contract, as in the case of *Barnett Line* v. *Blackmar*, 53 *Ga.* 98, relied on by the plaintiffs, where the salary of the agent was agreed upon in view of the necessity of his employing a clerk.   The plaintiffs here did not testify that they were required by the defendant to hire a

450

clerk to perform their obligations under the contract, but the evidence shows that the clerk was employed to enable the plaintiffs to be ready to perform later under their alleged sales-agency contract, and that the plaintiffs were going to make a place for the clerk in the oil business if they sold their grocery store. This was preparation for performance, and not part performance of the contract itself, and was not sufficient to remove the case from the statute of frauds. See *Baucom* v. *Pioneer Land Co.*, 148 *Ga.* 633 (97 S. E. 671); *Wells* v. *H. W. Lay & Co.*, 78 *Ga. App.* 364, 369 (50 S. E. 2d, 755). The purchase of the pick-up truck was not required by the alleged contract, which only required that the plaintiffs supply a tank-truck for deliveries of oil and gasoline. That such purchase was made on the advice of the defendant is immaterial. *Smith* v. *Davidson*, 198 *Ga.* 231 (31 S. E. 2d, 477); *Dameron* v. *Liberty National Life Ins. Co.*, 56 *Ga. App.* 257 (192 S. E. 446). These acts, together with the preparations made for disposing of the plaintiffs' grocery business, were all preparatory to entering into their performance of the alleged contract to sell the defendant's products, which they did not do.

While a loss may have been voluntarily incurred by the plaintiffs in getting ready to perform the parol contract, there was no evidence showing that such acts were of any benefit to the defendant, so as to estop it from asserting the statute of frauds, as in the cases of *Petty* v. *Kennon*, 49 *Ga.* 468, *Bagwell* v. *Milam*, 9 *Ga. App.* 315 (71 S. E. 684), and *Alexander-Seewald Co.* v. *Marett*, 53 *Ga. App.* 314 (185 S. E. 589), which are cited and relied on by the plaintiffs. By such acts preliminary to the performance of the contract, nothing of value was furnished to the defendant. See *Bentley* v. *Smith*, 3 *Ga. App.* 242 (59 S. E. 720). While the plaintiffs might not have done these things but for their reliance on the parol contract, the acts were not in part performance of their obligations arising under such contract or of an essential part thereof, such as would take the contract out of the statute of frauds. *Graham* v. *Theis*, 47 *Ga.* 479; *Simonton* v. *Liverpool &c. Ins. Co.*, 51 *Ga.* 76; *Baucom* v. *Pioneer Land Co.*, 148 *Ga.* 633 (supra); *Lamons* v. *Good Foods*, 195 *Ga.* 475 (24 S. E. 2d, 678); *Smith* v. *Davidson*, 198 *Ga.* 231 (supra).

■ The trial judge did not err in granting the motion for a nonsuit, as the plaintiff did not prove the alleged contract confirmed in writing nor show part performance thereof sufficient to take the contract out of the statute of frauds. *Denmead* v. *Glass,* 30 *Ga.* 637; *Bentley* v. *Smith,* 3 *Ga. App.* 242 (2) (supra); *Bentley* v. *Johns,* 19 *Ga. App.* 657 (2) (91 S. E. 999); *Killarney Realty Co.* v. *Wimpey,* 30 *Ga. App.* 390 (5) (118 S. E. 581); *Kiser Co.* v. *Rosenbloom,* 41 *Ga. App.* 183 (2) (152 S. E. 273); *Lewis* v. *Southern Realty Investment Corp.,* 42 *Ga. App.* 171 (155 S. E. 369).

*Judgment affirmed. Felton and Worrill, JJ., concur.*