## 55224. GRACE v. ROAN et al.

BIRDSONG, Judge.

Appellant Grace sued appellees alleging that he was wrongfully discharged from his job due to a conspiracy between the appellees Roan and Patterson, employees of appellee Ga. Power Co., and officers of Ga. Power Co.

The evidence showed that Grace, in January, 1975, was a district maintenance line foreman for Ga. Power Co. Grace contends that he had an oral contract to work with Ga. Power Co. until retirement age 65, unless he became disabled for physical reasons or disqualified for reason prior to age 65. Grace alleges that appellees, Roan and Patterson, along with officers of Ga. Power Co. entered into a conspiracy to discriminate against Grace and terminate his employment without justification and without reason.

Appellees denied in their answer the material allegations of Grace and pleaded the following: (a) Grace's employment was indefinite and terminable at will; (b) Grace was estopped in his claim, having elected and drawn retirement pension payments for approximately two years; (c) no contract existed but if there was a contract it was oral and violated Code Ann. § 20-401 (5); (d) denial of unemployment compensation by the Employment Security Agency of the Ga. Dept. of Labor after a hearing was res judicata as to any claim of the appellant; (e) accord and satisfaction; (f) laches; (g) waiver. Summary judgment was granted for appellees.

Appellant alleges as error: (1) the court erred in ruling the employment contract was barred by the Statute of Frauds; (2) the court erred in ruling that the employment contract had not been substantially performed; (3) there were material issues of law and fact to be decided by a jury; (4) the court erred in ruling no actionable conspiracy or discrimination existed. *Held:*

The trial court was correct in ruling that the employment contract was barred by the Statute of Frauds and that the employment contract had not been substantially performed by the appellant. Appellant's petition shows on its face that the alleged contract of employment was for a period longer than one year. The petition therefore affirmatively shows that the contract was not for one year and was subject to attack as being within the Statute of Frauds. Nor was there part performance as contemplated in Code Ann. § 20-402. *White v. Simplex Radio Co.,* 61 Ga. App. 157 (5 SE2d 922); affd. 188 Ga. 412 (3 SE2d 890); *Yarborough v. Hi-Flier Mfg. Co.,* 63 Ga. App. 725 (12 SE2d 133); *Norman v. Nash,* 102

Ga. App. 508 (116 SE2d 624); *Forest Services v. Fidelity &c. Co. of N. Y.,* 120 Ga. App. 600 (171 SE2d 743); *Neuhoff v. Swift & Co.,* 54 Ga. App. 651 (188 SE 831).

As the alleged oral contract was barred by the Statute of Frauds, the appellee had a right to terminate the appellant at will. Code Ann. § 66-101. "Where a plaintiff's employment is terminable at will, the employer 'with or without cause and regardless of its motives, may discharge the employee without liability. [Cits.]' *Wilkinson v. Trust Co. of Ga. Associates,* 128 Ga. App. 473, 474 (197 SE2d 146)." *Clark v. Prentice-Hall,* 141 Ga. App. 419, 420 (233 SE2d 496). See *McElroy v. Wilson,* 143 Ga. App. 893 (240 SE2d 155).

The trial court did not err in ruling that no actionable conspiracy or discrimination existed. "'The averment of a conspiracy in the declaration does not ordinarily change the nature of the action nor add to its legal force or effect. The gist of the action is not the conspiracy alleged, but the tort committed against the plaintiff and the damage thereby done wrongfully. Where damage results from an act which, if done by one alone, would not afford ground of action, the like act would not be rendered actionable because done by several in pursuance of a conspiracy.' " *Lambert v. Ga. Power Co.,* 181 Ga. 624, 628 (183 SE 814). A "conspiracy" to effect what one has a legal right to accomplish is not actionable. *Campbell v. Carroll,* 121 Ga. App. 497, 500 (1) (174 SE2d 375).

This court recognizes that questions of conspiracy are ordinarily for the jury. *Hodges v. Youmans,* 129 Ga. App. 481 (200 SE2d 157). We have examined the record in the case sub judice and in doing so, we find that the evidence introduced by the appellees has pierced the pleadings and discloses the absence of a right of recovery. *Tingle v. Arnold, Cate & Allen,* 129 Ga. App. 134, 136 (199 SE2d 260); *Crutcher v. Crawford Land Co.,* 220 Ga. 298 (138 SE2d 580); *Brown v. J. C. Penney Co.,* 123 Ga. App. 233 (180 SE2d 364).

*Judgment affirmed. Bell, C. J., and Shulman, J., concur.*

ARGUED JANUARY 30, 1978 — DECIDED APRIL 10, 1978 — REHEARING DENIED APRIL 28, 1978 — CERT. APPLIED FOR.

Ogden Doremus, Bobby Jones, for appellant.
Hugh B. McNatt, Jones, Cork, Miller & Benton, Wallace Miller, Jr., for appellees.