## 55941. HUDSON v. VENTURE INDUSTRIES, INC. et al.

WEBB, Judge.

Summary judgment was granted against Hudson in his suit for breach of an alleged oral employment contract, negligence, fraud, civil conspiracy and tortious interference with contract. The facts, construed most favorably as they must be to Hudson, are as follows:

Hudson was vice president of Trend Mills in Rome when he was contacted in 1973 by Venture Industries about going to work with them. He was receiving a salary of $29,000 plus a bonus, stock options and numerous fringe benefits, and was reluctant to go to work for Venture. After repeated efforts by Venture's top officers,

Osterneck and Lipson, he agreed. An agreement was reached at a luncheon meeting and a memorandum was drawn up on a restaurant placemat. Basically, the terms were that Hudson would receive a five-year employment contract with three years guaranteed and an option to renew at the end of two years for the remaining three years. There were also stock options and other benefits. Osterneck took the placemat containing the memorandum of contract and gave it to Venture's attorney to prepare a written contract, but it was never signed by an officer of Venture, never submitted to Hudson to sign, and insofar as the record shows, never reduced to a formal writing.

After working for Venture for two years Hudson exercised his option to renew his contract by letter to Osterneck, the president of Venture, also confirming the terms of the contract. When Doyle became operating head of Venture in 1975, he was informed that Hudson had an employment contract, but in October Doyle fired Hudson. Hudson received and cashed three checks from Venture representing salary, severance and accrued vacation pay. These were ordinary payroll checks and contained no conditions or special language. Six months later Hudson's attorney initiated legal proceedings against Venture and Doyle for over two and one-half years salary totaling $118,654.17 alleged to be owing him under the remaining contract obligations, and for damages.

1. Under Georgia law, "[a]ny agreement (except contracts with overseers) that is not to be performed within one year. . ." must be in writing and signed by the person obligated thereunder, unless because of certain circumstances the Statute of Frauds does not apply. Code Ann. §§ 20-401 (5), 20-402. Contrary to Hudson's assertions, the alleged oral contract involved here has not been taken out of the Statute of Frauds by part performance. "The mere fact he entered upon employment and served would not avail as part performance. *Norman v. Nash,* 102 Ga. App. 508 (116 SE2d 624). The part performance required to obviate the Statute of Frauds must be substantial and essential to the contract and which results in a benefit to one party and a detriment to the other. *Bagwell v. Milam,* 9 Ga. App. 315 (71 SE 684).

Thus it has been held in a similar case that a performance of services under a contract for a part of the term is not such part performance as renders it a fraud upon the party performing for the employer to refuse to comply, by discharge of that party before the expiration of the term." *Utica Tool Co. v. Mitchell,* 135 Ga. App. 635, 637 (218 SE2d 650) (1975). See also *Grace v. Roan,* 145 Ga. App. 776 (245 SE2d 17) (1978).

The absolute determinant in the Code § 20-402 (3) exception is whether there has been such part per-formance as would *render it a fraud* if the court failed to compel performance, and Hudson has failed to establish this essential element. On the contrary, it is particularly clear that no fraud would be worked on Hudson if the alleged oral contract were not enforced. When he joined Venture he was given a raise of more than $10,000 a year from his prior job, and he received this substantially higher pay for the more than two and a half years he worked there, plus a generous amount of severance pay when he left. Nor was he required to move his family and residence a long distance to accept the job. Since there was no enforceable contract, the question of whether the final checks received and cashed by Hudson constituted an accord and satisfaction need not be reviewed.

2. Any breach of contract must arise from the contract, and does not give rise to an action for tort, whether or not such breach was negligent or wilful. See, e.g., *Pure Oil Co. v. Dukes,* 101 Ga. App. 786 (115 SE2d 449) (1960); *Ga. Kaolin Co. v. Walker,* 54 Ga. App. 742 (189 SE 88) (1936); *Manley v. Exposition Cotton Mills,* 47 Ga. App. 496 (170 SE 711) (1933); *Howard v. Central of Ga. R. Co.,* 9 Ga. App. 617 (71 SE 1017) (1911).

It is plain from the record that Doyle in terminating Hudson was acting as Venture's president and corporate agent. No conspiracy between several employees to slander and libel Hudson was shown as in *Ga. Power Co. v. Busbin,* 145 Ga. App. 438 (1978), upon which Hudson strongly relies. And the element of maliciousness required by *Luke v. DuPree,* 158 Ga. 590 (124 SE 13) (1924), is also missing. See *Lowe v. R.C. Cola Co.,* 132 Ga. App. 37, 42 (3) (207 SE2d 620) (1974). Futhermore, those cases involved valid written contracts, and are therefore

inapposite. Here, as in *Grace v. Roan,* 145 Ga. App. 776, 778, supra, the evidence introduced by Venture "has pierced the pleadings and discloses the absence of a right of recovery."

Allegations of fraud are negated by Hudson's own testimony, which establishes that representations made to him by Venture's officers were neither knowingly false nor made with intent to deceive. In order to establish a cause of action for fraud the complaining party must have justifiably and reasonably relied on the misrepresentations complained of. *Brown v. Mack Trucks, Inc.,* 111 Ga. App. 164 (141 SE2d 208) (1965); *Doanes v. Nalley Chevrolet, Inc.,* 105 Ga. App. 846 (125 SE2d 717) (1962); *Alpha Kappa Psi Bldg. Corp. v. Kennedy,* 90 Ga. App. 587 (83 SE2d 580) (1954); *Harrison v. Lee,* 13 Ga. App. 346 (79 SE 211) (1913). Finally, there is no question that the promises made by Venture's officers were prospective in nature, and "[a]ctionable fraud cannot be based on statements and promises as to future events." *Ely v. Stratoflex, Inc.,* 132 Ga. App. 569, 571 (2) (208 SE2d 583) (1974) and cits.

Based on the facts and law the trial court correctly granted summary judgment for Venture and Doyle.

*Judgment affirmed. Quillian, P. J., Smith, Shulman, Banke and Birdsong, JJ., concur. Bell, C. J., Deen, P. J., and McMurray, J., dissent.*

SUBMITTED JUNE 7, 1978 — DECIDED JULY 14, 1978 — REHEARING DENIED JULY 31, 1978 —

Brinson, Askew & Berry, Robert M. Brinson, Robert N. Farrar, for appellant.

Sutherland, Asbill & Brennan, Alfred A. Lindseth, D. R. Cumming, Jr., Thomas A. Cox, for appellees.

McMURRAY, Judge, dissenting.

In 1973 Hudson, at the insistence of top executives of Venture Industries, Inc., left a lucrative executive position of employment with another organization to work for Venture. No formal contract was ever executed, although a rough memorandum was prepared which was

to be put into a written contract by the company's legal counsel, but this was never done. Basically, Hudson was employed for a five-year period, a guaranteed three years, with an option to renew at the end of two years for the three remaining years, including salary and other benefits. After working for Venture for two years Hudson exercised his option by advising Venture, through its president, by letter confirming the terms of the oral agreement. This letter and the employment of Hudson for five years was verbally acknowledged by the president with particularity as to the terms of the employment agreement.

In late 1975, Edward James Doyle, III became the operating head of Venture (president and chairman of the board of directors), with full authority to hire and fire. Thereafter, Doyle fired Hudson. Whereupon Hudson sued Doyle and Venture in various counts for various amounts of damage to him as follows: for breach of contract, jointly and severally against each as a result of a conspiracy; tortious interference with his contract to wrongfully terminate him; wrongful termination due to ordinary negligence; false and fraudulent and negligent representations and promises to him resulting in damage to him; fraud and deceit; and for exemplary damages (aggravating circumstances) resulting from wrongful acts of the defendants in bad faith without regard for the consequences to plaintiff, as well as reasonable attorney fees.

After discovery, summary judgment was granted in favor of the defendants, and plaintiff appeals. Defendants first contend that at the time of plaintiff's alleged damage, checks representing severance pay and accrued vacation pay were accepted and cashed by Hudson, resulting in an accord and satisfaction. They also contend Doyle was not involved in this matter at the time plaintiff was employed, hence there could be no breach of contract action as to Doyle. Other issues that defendants raised are that plaintiff's action for breach of contract is barred by the Statute of Frauds, no tort action can arise from the breach of the contract, and it does not give rise to an action for fraud and deceit against the defendants.

The majority here affirms the judgment granting

summary judgment for reasons stated in two divisions. Division 1 is based on the theory that this being an oral contract, the Statute of Frauds applies and the contract was not in writing; and further there could be no fraud worked on the plaintiff. In Division 2 the majority holds that Doyle was at all times acting as the alter ego of the corporate defendant in terminating plaintiff, hence the breach of contract did not give rise to an action for tort, there was a negation of fraud, and the promises made were only prospective in nature.

To the opinion as written I cannot agree.

1. "In a contract of employment, the fact that the plaintiff employee has given up lucrative employment elsewhere in reliance on the contract will be enough, combined with actually entering upon the duties of the employment, to take the contract out of the statute of frauds. *Alexander-Seewald Co. v. Marett,* 53 Ga. App. 314 (3) (185 SE 589); *Bagwell v. Milam,* 9 Ga. App. 315 (4) (71 SE 684)." *Norman v. Nash,* 102 Ga. App. 508, 509 (3) (116 SE2d 624). Plaintiff's evidence is that he left a position paying $29,000 a year plus bonus and other fringe benefits and did actually undertake employment under an oral contract for two years prior to his dismissal in violation of the terms of the oral contract. Clearly, there was evidence showing that the Statute of Frauds does not apply.

The majority, relying upon *Utica Tool Co. v. Mitchell,* 135 Ga. App. 635 (218 SE2d 650), holds that the trial court did not err in granting summary judgment in favor of the defendant employer, basing this holding on its finding that the alleged oral contract involved here has not been taken out of the Statute of Frauds by part performance. See Code § 20-402. In *Utica Tool Co. v. Mitchell,* supra, plaintiff made preparations to undertake the employment offered in the alleged contract in that case but never did perform a substantial act essential to the performance of the duties of employment set forth in that alleged contract. This case upon which the majority relies is therefore inapposite on the facts. I would hold that the alleged oral contract has been taken out of the Statute of Frauds by the plaintiff employee's having given up lucrative employment elsewhere and having actually

entered upon the duties of employment pursuant to the oral contract. The plaintiff employee has shown such part performance as to take the contract out of the Statute of Frauds, and the trial court erred in granting summary judgment in favor of the defendant employer for this reason alone.

2. But I also am of the opinion that issues of fact also exist as to the averments of conspiracy and tortious interference with plaintiff's contract in order to wrongfully terminate him from his employment. This action was brought jointly and severally against the defendants. See Code §§ 105-1207, 105-1401; *Luke v. DuPree,* 158 Ga. 590 (124 SE 13); *Nottingham v. Wrigley,* 221 Ga. 386, 387 (144 SE2d 794). Compare *Employing Printers Club v. Doctor Blosser Co.,* 122 Ga. 509 (50 SE 353); *Bromley v. Bromley,* 106 Ga. App. 606, 613 (127 SE2d 836).

3. The majority does not review the accord and satisfaction question. However, in the companion case, *Ward v. Venture Industries, Inc.,* 147 Ga. App. 17, this issue was determined and holds that the evidence is insufficient to demand a finding of an accord and satisfaction as required to grant summary judgment. This statement is equally true in the case sub judice.

On summary judgment the evidence must be construed most strongly in favor of the party (plaintiff here) who is opposing the motion, and issues of fact remain for jury determination. *Holland v. Sanfax Corporation,* 106 Ga. App. 1, 4 (126 SE2d 442); *Mathis v. R. H. Smallings & Sons, Inc.,* 125 Ga. App. 810 (189 SE2d 122).

For all of the foregoing reasons, I must respectfully dissent.

I am authorized to state that Chief Judge Bell and Presiding Judge Deen join in this dissent.