## 57488. METZGAR v. RESERVE INSURANCE COMPANY.

WEBB, Presiding Judge.

Metzgar appeals from the grant of summary judgment in favor of the insurance company asserting that his pleadings and affidavits raised a genuine issue as to whether an oral lifetime employment contract between the parties was removed from the Statute of Frauds by his part performance. There is no merit in this contention.

"Under Georgia law, '[a]ny agreement (except contracts with overseers) that is not to be performed within one year. . .' must be in writing and signed by the person obligated thereunder, unless because of certain circumstances the Statute of Frauds does not apply. Code Ann. §§ 20-401 (5), 20-402. Contrary to [appellant's] assertions, the alleged oral contract involved here has not been taken out of the Statute of Frauds by part performance. The mere fact he entered upon employment and served would not avail as part performance. *Norman v. Nash,* 102 Ga. App. 508 (116 SE2d 624). The part performance required to obviate the Statute of Frauds must be substantial and essential to the contract and which results in a benefit to one party and a detriment to the other. *Bagwell v. Milam,* 9 Ga. App. 315 (71 SE 684). Thus it has been held in a similar case that a performance of services under a contract for a part of the term is not

such part performance as renders it a fraud upon the party performing for the employer to refuse to comply, by discharge of that party before the expiration of the term.' *Utica Tool Co. v. Mitchell,* 135 Ga. App. 635, 637 (218 SE2d 650) (1975). See also *Grace v. Roan,* 145 Ga. App. 776 (245 SE2d 17) (1978)." *Hudson v. Venture Industries,* 147 Ga. App. 31, 32 (1) (248 SE2d 9) (1978), affd. 243 Ga. 116 (1979).

It is thus unnecessary for us to consider the authority of appellee's employee to enter into a contract binding the insurance company to a lifetime contract with appellant.

*Judgment affirmed. Banke and Underwood, JJ., concur.*

SUBMITTED MARCH 6, 1979 — DECIDED MARCH 16, 1979.

*E. Graydon Shuford,* for appellant.

*Henning, Chambers & Mabry, Rex D. Smith,* for appellee.