A93A2237. SHOFFNER et al. v. FLEET FINANCE, INC. et al.

(441 SE2d 455)

SMITH, Judge.

Appellants J. Faye Shoffner and John McKinley Shoffner ("the

Shoffners") brought suit against appellees Fleet Finance, Inc. and Fleet Finance of Georgia, Inc. (hereinafter collectively "Fleet") alleging fraud and conversion based on the allegedly improper manner and method by which Fleet foreclosed its interest in the Shoffners' house and land in Newnan, Georgia. The trial court granted Fleet's motion for summary judgment, and this appeal followed.

The Shoffners fell into arrears on a note and deed to secure debt protecting Fleet's interest in the property. In an effort to stave off foreclosure, the Shoffners, individually or together, began filing Chapter 13 bankruptcy petitions. The third such petition was dismissed with prejudice on May 17, 1990. Fleet then scheduled a foreclosure sale of the Shoffners' property. On July 2, 1990, one day before the scheduled sale, a fourth Chapter 13 petition was filed. The next day, a motion was orally granted by the bankruptcy court lifting the stay subject to confirmation. Fleet was ordered to announce at the sale that the foreclosure of the Shoffners' property was subject to confirmation by the bankruptcy court.

Fleet contends that it properly foreclosed on the property by exposing it to public outcry at the Coweta County Courthouse on the scheduled date and during the legal hours. The Shoffners dispute this, presenting in support the affidavits of interested buyers stating that the property was not in fact called out that day. Under Fleet's version of the facts, no buyers were present at the sale, and as a result the property was knocked off to Fleet for $326,275.02. The Shoffners allege that the property had a fair market value of $739,500 in July 1990, and that their equity in the property was $350,000. On July 20, 1990, the bankruptcy court decreed that Fleet could not record its deed under power until the Shoffners' counsel had been given an opportunity to review his clients' prior cases and to make a motion objecting to the filing of the deed under power if deemed appropriate.

According to the Shoffners, they then entered into negotiations with Fleet in order to allow them to sell the property themselves, and they in fact found a buyer. To enable them to sell the property themselves, the Shoffners paid a $10,000 option fee, and on September 20, 1990 signed a general release of claims against Fleet.

On December 14, 1990, the bankruptcy court heard Fleet's motion to dismiss with prejudice and Faye Shoffner's objection to prevent the recording of Fleet's deed under power. The bankruptcy court held that Ms. Shoffner would be given until December 21, 1990, at 5:00 p.m. to conclude the sale and pay off the loan. The loan was not paid off by that time, and Fleet recorded the deed under power of sale on December 26, 1990. Fleet sold the property to third parties on March 22, 1991. Five months later, on August 28, 1991, the Shoffners brought this action seeking cancellation of the foreclosure and other relief based on the alleged irregularities in the foreclosure sale.

The trial court granted Fleet's motion for summary judgment based on the release signed by the Shoffners in consideration for the option to sell the foreclosed property themselves. The release states as follows: "In consideration of the sum of $1.00 and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the undersigned each for himself, their heirs, executors, administrators, and assigns forever, do by these presents release, remise and forever discharge Fleet Finance, Inc. and Fleet Finance, Inc. of GA, their principals, officers, agents, employees, servants, heirs, successors and assigns, from any and all claims and liability of any nature whatsoever, whether now known or unknown, arising from the beginning of the world to the date hereof."

The Shoffners concede that in Georgia a release is binding on the party signing it whether based on adequate consideration or not, absent evidence of fraud and absent a fiduciary relationship between the parties. *Wheat v. Montgomery*, 130 Ga. App. 202, 203 (2) (202 SE2d 664) (1973). They rely on the principle that a release, like any contract, is voidable if fraudulently induced. OCGA § 13-5-5; see *Hudson v. Montcalm Publishing Corp.*, 190 Ga. App. 629, 631 (1) (379 SE2d 572) (1989). However, "in the absence of special circumstances one must exercise ordinary diligence in making an independent verification of contractual terms and representations." *Hubert v. Beale Roofing*, 158 Ga. App. 145, 147 (279 SE2d 336) (1981).

The Shoffners contend that the release should not bar the present action because they relied on Fleet's representations regarding the validity of the prior foreclosure proceeding in executing the general release. This contention must fail as a matter of law based on the very assertions made in the Shoffners' complaint against Fleet. The Shoffners therein allege that "[t]he price stated in the Deed under Power would have been obtained only if the property were sold in a manner intended not to produce any bids." The price stated in the deed to secure debt was known, or should have been known, to the Shoffners at the time they signed the general release. Regardless of the truth of the matter, the Shoffners are bound by their assertion that such a price precludes even the possibility of a proper sale at auction. " 'A false statement is not fraudulent, when there is no reason why the statement should be believed and acted upon.' [Cit.]" *Harrison v. Lee*, 13 Ga. App. 346 (2) (79 SE 211) (1913). As a matter of law, the Shoffners simply cannot justify their blind reliance on Fleet's representations concerning the prior foreclosure sale when signing the release in question here.

Since no other challenge is made to the validity or applicability of the release, and since the release clearly covers causes of action arising at the time of the foreclosure sale here, the trial court properly granted Fleet's motion for summary judgment on this basis.

*Judgment affirmed. Beasley, P. J., and Cooper, J., concur.*

DECIDED FEBRUARY 11, 1994 —
RECONSIDERATION DENIED FEBRUARY 21, 1994 — 

*Jeffrey L. Sakas*, for appellants.
*Varner, Stephens, Wingfield & Humphries, J. Timothy White, Brendan J. McCarthy, Carolyn T. Thurston, Samuel W. Malone*, for appellees.