GENERAL ELECTRIC INSPECTION CO. v. EBLING BREWING CO.

(Supreme Court, Appellate Term. December 11, 1906.)

1. FRAUDS, STATUTE OF—CONTRACTS—SIGNATURE—SUFFICIENCY.

A company engaged in inspecting and repairing electrical apparatus sent to defendant, pursuant to a request in writing, a contract for services to be rendered, specifying a compensation for a year, payable in advance. Defendant received the contract, and forwarded a check for the compensation, which check was inclosed in a letter signed by defendant. The letter acknowledged receipt of the contract, and referred to inclosure of the check. *Held*, that the contract between the parties satisfied the statute of frauds.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 23, Frauds, Statute of, §§ 262, 263.]

2. SAME—PROBABILITY OF PERFORMANCE OF AGREEMENT WITHIN A YEAR.

A contract for services for one year for a fixed sum, being one that may be performed within a year, and providing for a renewal beyond the year, in the absence of notice to terminate within the year is not within the statute of frauds.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 23, Frauds, Statute of, § 75.]

3. SAME—EVIDENCE.

Where, in an action for compensation under a contract for electrical repairs, the issue was whether the agreement relied on was void under

the statute of frauds, evidence of a former written contract for the same work covering a prior period, was immaterial.

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by the General Electric Inspection Company against the Ebling Brewing Company. From a judgment for defendant, plaintiff appeals. Reversed, and new trial granted.

Argued before GILDERSLEEVE, FITZGERALD, and DAVIS, JJ.

Lindsay, Kremer, Kalish & Palmer, for appellant.

Nathan, Leventritt & Perham, for respondent.

DAVIS, J. Appeal by the plaintiff from a judgment in favor of the defendant in an action for breach of a contract. The plaintiff is a corporation engaged in the business of inspecting and repairing electrical apparatus. Pursuant to defendant's application in writing, on or about August 18, 1904, the plaintiff sent to the defendant one of its usual contracts executed by its president, and covering the services to be rendered by the plaintiff, and specifying a compensation of $256.50 per year, payable in advance. The defendant received this contract and forwarded a check for $256.50. This check was inclosed in a letter dated August 22, 1904, and signed by the defendant. The letter acknowledged receipt of the contract and referred to inclosure of the check for $256.50. The plaintiff rendered the services called for by its contract for the period of one year and continued to render those services thereafter. The last paragraph of this contract is in italics, and reads as follows: *"it is further mutually agreed that this contract shall go into effect on the day of issue and continue from year to year at the annual compensation to be paid by the owner to the company, as herein specified, unless either party hereto gives written notice to the other to terminate the same at least thirty days prior to the end of any annual term."* The annual term provided for by the contract was one year; that is, from August 18, 1904, to August 18, 1905. Neither party gave any notice to terminate the contract, and so the plaintiff continued its services beyond the 18th of August, 1905, and demanded payment of the annual compensation of $256.50 in advance. Defendant refused to pay and plaintiff brought this action to recover that amount. The court rendered judgment for the defendant.

Defendant contends that there was no written contract, that the paper, purporting to be the contract, was not signed by the defendant, and therefore the agreement relied upon not having been signed by the defendant also was void under the statute of frauds. This contention is based also upon the fact that the agreement provides for a continuance of the specified services beyond the period of a year in the absence of a notice to terminate. We think this contention is not well supported. The contract between the parties is evidenced by three writings, the paper signed by the plaintiff and the letters to the plaintiff signed by the defendant. These two letters constitute an acceptance of the proposed contract. These papers are clearly sufficient to satisfy the statute of frauds. But however this may be, we think the contract is one that could be performed within a year. This is obvious in its terms. The services could be rendered, payment made, and notice to

terminate given, all within the year. The mere fact that the contract provided for a renewal beyond a year, in the absence of notice to terminate, does not make the contract impossible of performance within the year. It follows therefore that as the defendant did not give the notice to terminate provided for by the contract, the plaintiff was entitled to payment of the $256.50 in advance at the beginning of the new year, August 18, 1905. It continued these services beyond that date, and these services were accepted by the defendant until September 14, 1905, when it notified the plaintiff to discontinue. The defendant was allowed to introduce in evidence against the objection of plaintiff a former written contract between the parties covering the period from August 6, 1903, to August 6, 1904. This document was immaterial to the issues, and should have been excluded.

For these reasons we think the judgment should be reversed with costs to appellant to abide the event and a new trial granted. All concur.