## 2725.  BROWN v. THE STATE.

1. The purpose of the "labor-contract act" of 1903 (Acts 1903, p. 90) is not to enforce the contract to perform services, but to punish the fraudulent procurement of money, or other thing of value, under the contract; and in a prosecution for a violation of this act, the question as to validity of the contract under the statute of frauds is not material, and a conviction could be had for a fraudulent procurement of money under the contract, although it might not be civilly enforceable.

2. Before one can be lawfully convicted of a violation of the "labor-contract act," several things essential to constitute the offense defined by that act must be proved, among which is that the laborer refused and failed to perform his contract of service, without good and sufficient excuse.

DECIDED SEPTEMBER 6, 1910. ·

Accusation of misdemeanor; from city court of Sparta—Judge Moore.  May 20, 1910.

*Hines & Vinson,* for plaintiff in error.

*R. L. Merritt, solicitor,* contra.

HILL, C. J.  Glade Brown was convicted of cheating and swindling, under the act of 1903, commonly known as the "labor-contract act" (Acts 1903, p. 90), and his motion for a new trial was overruled.  The evidence for the State, briefly stated, is as follows: The prosecutor testified, that about ten days or two weeks before Christmas, 1909, the defendant made a verbal contract with him, to work for him for the year 1910, beginning on the first day of January, for monthly wages of $12; that at the time this verbal contract was made he gave the defendant an order for flour, sugar, tobacco, nuts, bananas, and oranges, aggregating the amount of $2.10, and also advanced to him $2.25 in money.  The defendant did not pay back any of the money so advanced, nor pay for any of the articles, did not do any work for the prosecutor, and did not offer to do so.  On cross-examination he testified, that the defendant had worked for him ten or twelve years previously, and had been owing him an indebtedness of $9 or $10 for three or four years; that before he procured the warrant against the defendant, he told him he would settle the case against him for $14.  He denied that the prosecution in this case was for the purpose of collecting the old indebtedness of $9 or $10.  The defendant made no statement to the jury, but proved by his then employer that the latter had offered the prosecutor $5 for the defendant, which the prosecutor had refused to accept.  This offer was denied by the prosecutor,

but the prosecutor admitted that he would not have prosecuted the defendant if the $14 had been paid to him.

The plaintiff in error makes no question of law, but claims that the contract alleged to have been made with the defendant by the prosecutor was void under the statute of frauds, since it was not to be performed within a year, and no performance of it had ever taken place.    Civil Code, § 2693, par. 5, § 2694.    We do not think that this contention is sound; for several reasons.    In the first place, if the evidence of the prosecutor was the truth, there had been such part performance by him of the contract in the advance of the money and other articles as would take it out of the statute of frauds.    In the second place, this was a criminal prosecution for a fraudulent procurement of money, and was not an effort to enforce a contract.    There is a great distinction between the fraudulent procurement of money under a contract and an effort to enforce a contract.    In the one case the question of the validity of the contract is not necessarily involved, but in the second case it is. It has been held by the Supreme Court that a minor whose contract was voidable could nevertheless be convicted for a fraudulent procurement of money under a contract of service made by him, although such contract was not civilly enforceable.    *Vinson* v. *State,* 124 *Ga.* 19 (52 S. E. 79).    And in that case Mr. Justice Lumpkin, speaking for the court, says: "The offense created by that act (referring to the act of 1903) was not merely a breach of contract, but the fraudulent procurement of money or other thing of value on a contract to perform services.    The gist of the offense is such fraudulent procurement.    The contract of a minor is voidable, but unless he is under the age at which he is declared by statute to be incapable of committing a crime, he is subject to prosecution and conviction.    A minor who has arrived at the age of criminal responsibility is as capable of committing a fraud as one of full age." We think the evidence in this case did not authorize a conviction. The act provides that "satisfactory proof of the contract, the procuring thereon of money or other thing of value, the failure to perform the services so contracted for, or failure to return the money so advanced with interest thereon at the time said labor was to be performed, without good and sufficient cause, and loss or damage to the hirer, shall be deemed presumptive evidence of the" fraudulent intent.    The burden is on the State to prove all of these facts

before the presumption arises. In the present case it was shown by the State that the contract was made, that the money or other thing of value was procured thereon, that the defendant failed to perform the contract, and failed to return the money so advanced, with interest thereon; but there was no evidence that he refused to carry out his contract without good and sufficient cause; and, under the express words of the statute, this fact must be shown before any presumption of guilt arises. *Johnson* v. *State,* 125 *Ga.* 243 (54 S. E. 184); *Glenn* v. *State,* 123 *Ga.* 585 (51 S. E. 605).

<div align="right">

*Judgment reversed.*