### 8385. WILLIAMS *v.* GARRISON.

JENKINS, J. **1.** The provision of the statute of frauds which requires that the promise to answer for the debt, default, or miscarriage of another must be in writing in order to bind the promisor does not include an original undertaking whereby a new promisor, for a valuable consideration, substitutes himself as the party who is to perform, and the original promisor is thereby released. *Evans* v. *Griffin,* 1 *Ga. App.* 327 (57 S. E. 921); *Daniel Sons & Palmer Co.* v. *Dickey,* 6 *Ga. App.* 548 (65 S. E. 301); *Harris* v. *Paulk,* 10 *Ga. App.* 334 (73 S. E. 430); *Holcomb* v. *Mashburn,* 10 *Ga. App.* 781, 783 (74 S. E. 307); *Hicks* v. *Walker,* 17 *Ga. App.* 391 (87 S. E. 152); *Foote* v. *Reece,* 17 *Ga. App.* 799 (88 S. E. 689); *Ferst's Sons & Co.* v. *Bank of Waycross,* 111 *Ga.* 229, 232 (36 S. E. 773).

**2.** A verbal contract for services, which are to begin at a future date and continue for a period of a year, is void under the statute of frauds (Civil Code (1910), § 3222 (5); *Hudgins* v. *State,* 126 *Ga.* 639, 643, 55 S. E. 492; *Bentley* v. *Smith,* 3 *Ga. App.* 242 (2), 59 S. E. 720) unless the party claiming its invalidity has accepted some benefit thereunder, to the loss or injury of the other party, by reason of such part performance of some act essential to the contract as would take it out of the operation of the statute. *Bagwell* v. *Milam,* 9 *Ga. App.* 315 (4) (71 S. E. 684). An advance of money under the contract is sufficient to so operate. *Brown* v. *State,* 8 *Ga. App.* 211, 212 (68 S. E. 865). Thus, the plaintiff's relinquishment in the defendant's favor of his contract of employment with another, by the terms of which contract the laborer had agreed to apply a half of his wages in payment of a pre-existing debt owing by the laborer to the plaintiff, furnished a valid consideration, on which the assumption of such debt by defendant to plaintiff could be made. Especially is this true where it appears that the laborer did not himself repudiate his contract with the plaintiff, but, according to the evidence, offered to return and carry out the contract, in the event that an agreement was not had in reference thereto between the plaintiff and the defendant.

**3.** Where, for a valuable consideration, such an original undertaking is entered upon by the new promisor, the fact that in so doing he agreed to execute notes in settlement of the debt, which he fails and refuses

to do, would not operate to relieve such promisor from his obligation, but upon such default he becomes liable for the debt so assumed, in the manner and to the extent of his agreement.

4. Under the evidence as submitted by the plaintiff, the grant of the defendant's motion to nonsuit was error.

*Judgment reversed. Broyles, P. J., and Bloodworth, J., concur.*

DECIDED SEPTEMBER 19, 1917.

Complaint; from Telfair superior court—Judge Highsmith presiding. December 6, 1916.

*W. S. Mann,* for plaintiff.

*L. C. Harrell, Eschol Graham,* for defendant.