### 12819.  COOK *v.* WEATHERFORD.

The evidence being insufficient to show that the contract sued upon was an original undertaking by the defendant, and it appearing that if he made such a contract it was an obligation to pay the debt of another, and was not in writing, and therefore, under the provisions of the statute of frauds, was unenforceable, and this defense having been pleaded by him, a judgment in his favor was demanded. This case is distinguishable from the cases of *Evans* v. *Griffin,* 1 *Ga. App.* 327 (57 S. E. 921), and *Williams* v. *Garrison,* 21 *Ga. App.* 44 (93 S. E. 510), in that the record in this case does not disclose that the original debtor was under any contract to perform service for the creditor, or what relationship, if

any, the original debtor occupied towards the creditor other than that of debtor and creditor.

DECIDED FEBRUARY 10, 1922.

Certiorari; from Richmond superior court — Judge Henry C. Hammond. July 16, 1921.

*M. C. Barwick,* for plaintiff in error. *Henry S. Jones,* contra.

HILL, J. The evidence for the plaintiff was to the effect that Owens, a negro, lived on the plaintiff's place, and that the defendant moved the negro from the plaintiff's place to the defendant's place, at the time inquiring of the plaintiff what the negro owed the plaintiff, and was informed by the plaintiff that the negro owed him $70, which sum the defendant agreed to pay, that the defendant did pay $25 of such indebtedness, and promised to pay the remainder subsequently. The defendant denied any promise to pay this balance, and pleaded that the alleged promise was a promise to pay the debt of another, and, not being in writing, was not enforceable, under the statute of frauds. The magistrate gave judgment for the plaintiff, the defendant sued out certiorari, the judge of the superior court overruled the certiorari, and the case came to this court on exceptions to the latter judgment.

It is not necessary to add anything further to the headnote.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*