### 16440. PRIOR v. MUSE.

It appearing, from the allegations of the petition, that the contract sued upon was not an original undertaking, but was a promise to pay the debt of another, and was not in writing, and therefore, under the

statute of frauds, was unenforceable, the court erred in overruling the demurrer to the petition.

DECIDED OCTOBER 8, 1925.

Complaint; from Fulton superior court—Judge Bell. April 11, 1925.

Muse sued Prior on an oral contract. The petition alleged: that plaintiff was an employee of the Oglesby Grocery Company, and left a large part of his earnings with the company as deposits, this indebtedness in the fall of 1921 amounting to over $20,000; that at that time the authorities in charge of the company decided to liquidate the affairs of the company, and for the company to cease business, the company being in an embarrassed financial condition; that the defendant at that time was vice-president of the corporation, and became president in January, 1922; that the defendant was liable as a guarantor or indorser on an indebtedness due by the said company to the Lowry National Bank, amounting in the fall of 1921 to $70,000 or $80,000; that when it was decided to liquidate the affairs of the company the said defendant, who was president of the corporation and who was *personally* liable as guarantor or surety for the debt of the company in favor of the Lowry National Bank, began to make large payments on the debt in favor of the said Lowry National Bank, on which the defendant was liable as aforesaid, and to prefer the Lowry National Bank over petitioner as a creditor of the corporation; that petitioner, learning that the said Lowry National Bank was being paid in preference to petitioner, and believing that the said company was then insolvent, told the defendant that unless the petitioner was paid an amount proportionate to the amount paid the bank and other creditors, the petitioner would take legal proceedings to have the assets of the company placed in the hands of a receiver or a trustee in bankruptcy, and have all the unsecured creditors, including the petitioner, paid in the same proportion out of the assets of the company; that "thereupon, on or about March 13, 1922, the said defendant proposed to petitioner that if petitioner would not take any legal action such as he contemplated and threatened to do, the said defendant would from that time on pay to petitioner an amount which, when added to the regular dividends which petitioner would receive from the company, would make one dollar paid on the indebtedness to petitioner to each two dollars paid on the indebtedness on which the said defendant

was personally liable as guarantor or indorser as hereinbefore set out. Petitioner consented and agreed to said proposition, and it was thereupon agreed between petitioner and said defendant that thereafter the payments to petitioner and to the bank should be in the same proportion to the indebtedness due them by the company; that is to say, that they should receive the same percentage of payments on the indebtedness due them from that time on, and that, in consideration of petitioner's not taking any legal action in an effort to set aside the preference in the payments theretofore made to the bank over petitioner, the said defendant would pay to petitioner an amount sufficient, when added to the amount petitioner should receive as his regular dividends, to make the amount received by petitioner equivalent to one half the amount paid to the bank;" that under the said agreement stated amounts had been paid to the bank and to petitioner; that under the said agreement with defendant petitioner is still entitled to $1186.86, and that defendant owes him this amount, for which judgment is prayed.

The defendant demurred to the petition, on the ground that the contract was a promise to answer for the debt, default, or miscarriage of another, was not in writing, and was not binding on the defendant under the statute of frauds.

The judge overruled the demurrer, and the defendant excepted.

*Troutman & Troutman,* for plaintiff in error.

*Branch & Howard, Bond Almand,* contra.

BLOODWORTH, J. (After stating the foregoing facts.) Under the agreement between the plaintiff and the defendant there was no substitution of one debtor for another; there was no release of the Oglesby Grocery Company from its obligation to pay the plaintiff; there was no substitution of the defendant in place of the grocery company, because it continued to occupy its relation to the plaintiff as debtor and to pay to him dividends. The bank was not a party to the agreement between the plaintiff and the defendant, and could have sued the grocery company and the defendant, and could have obtained a judgment against both. The petition does not show such detriment to the plaintiff or such benefit to the defendant as would operate as a consideration for the alleged agreement upon which suit was brought, nor does it show any facts which take the agreement out of the statute of frauds. There is no allegation in the petition that, because of

the promise of the defendant to make certain payments to the plaintiff, he refrained from bringing suit against the grocery company and the defendant. The alleged agreement of the defendant was a collateral undertaking, and not an original one, whereby a new promisor for a valuable consideration was substituted as the party who was to perform, and the original promisor was thereby released. *Strauss* v. *Garrett*, 101 *Ga.* 307 (28 S. E. 850); *Cook* v. *Weatherford*, 28 *Ga. App.* 207 (110 S. E. 506); *Palmetto Mfg. Co.* v. *Parker*, 123 *Ga.* 800 (51 S. E. 714); *Stovall* v. *Hairston*, 55 *Ga.* 11 (1, 2); *Coldwell Co.* v. *Cowart*, 138 *Ga.* 233 (2), 240 (2) (75 S. E. 425); *Davis* v. *Tift*, 70 *Ga.* 52 (2); *Williams* v. *Garrison*, 21 *Ga. App.* 44 (93 S. E. 510).

The court erred in overruling the demurrer to the petition.

*Judgment reversed. Broyles, C. J., and Luke, J., concur.*