23089. MORRIS v. VIRGINIA-CAROLINA CHEMICAL CORPORATION.

STEPHENS, J. 1. A contract for services to begin at a future date, and to continue for a period of one year from that date, is a contract that "is not to be performed within one year from the making thereof," as required by the statute of frauds. Civil Code (1910), § 3222 (5); Hudgins v. State, 126 Ga. 639, 643 (55 S. E. 492); Williams v. Garrison, 21 Ga. App. 44 (93 S. E. 510). An oral contract of employment, made in June, 1931, to commence in July, 1931, and to continue for one year, is unenforceable, under the statute of frauds, unless taken out of the statute as provided by law.

2. A performance of services under the contract, for a part of the term, is not such part performance as renders it a fraud upon the party performing for the employer to refuse to comply, by a discharge of that party before the expiration of the term. Bentley v. Smith, 3 Ga. App. 242 (59 S. E. 720); Bagwell v. Milam, 9 Ga. App. 315 (71 S. E. 684); Lewis v. Southern Realty Investment Cor., 42 Ga. App. 171 (155 S. E. 369). This is true notwithstanding the person performing the services, after he executed the contract and began to render services under it, refused an offer of employment elsewhere.

3. Where the employee under the contract for services from July 1, 1931, for a year from that date, brings suit against the employer for damages for his discharge prior to the expiration of the term, the date of the expiration of the term is one of the essential elements of the contract.

It follows, therefore, that a written memorandum, in a letter from the employer to the employee, after the execution of the contract, which states in substance only that it is necessary to make a reduction in "salaries effective November 1st," and that the employee's "present salary at $3,000 per annum" is reduced to "2760 per annum," even if it is a sufficient compliance with the statute as evidencing in writing that the contract was for a year, is insufficient as a writing indicating the expiration of the term. *F. & W. Grand &c. Stores Inc.* v. *Eiseman,* 160 *Ga.* 321 (127 S. E. 872); *North* v. *Mendel,* 73 *Ga.* 400 (54 Am. R. 879); *Tippins* v. *Phillips,* 123 *Ga.* 415 (51 S. E. 410); *Massell Realty Co.* v. *Hanbury,* 165 *Ga.* 534 (141 S. E. 653); *Williamson* v. *Morgan,* 26 *Ga. App.* 713, 716 (106 S. E. 916); *Killarney Realty Co.* v. *Wimpey,* 30 *Ga. App.* 390 (118 S. E. 581); Palmer *v.* Marquette Co., 32 Mich. 274. A statement contained in the defendant's plea which recited that it was agreed that the plaintiff's salary should be reduced from $250 to $230 per month was insufficient as a writing indicating the expiration of the term.

4. Since the plaintiff relies upon a specific contract of employment for one year from July 1, 1931, and does not rely upon any custom of the trade that contracts of this character are made for a period of one year, such custom can not be read into the contract so as to supply any deficiency in the written memorandum to show the period of the term of the contract. *Turner* v. *Lorillard Co.,* 100 *Ga.* 645 (28 S. E. 383, 62 Am. St. R. 345).

5. Where the plaintiff alleged in the petition a contract which the statute of frauds required to be in writing, and where, in the absence of an allegation that the contract was an oral one, it was presumably in writing, and where a demurrer to the petition, on the ground that it appeared from the petition that the contract was not in writing and therefore within the statute of frauds and unenforceable, was overruled, thus adjudicating that the petition in effect alleged a contract in writing, the allegations in the petition are not sustained by testimony to the effect that the contract was an oral one and was not taken out of the statute of frauds. There being no evidence that the contract was in writing, or that it was taken without the statute of frauds, the court properly granted a nonsuit.

*Judgment affirmed. Sutton, J., concurs. Jenkins, P. J., dissents.*

Decided March 3, 1934.

*Lee, Congdon & Fulcher,* for plaintiff.
*Hamilton Phinizy,* for defendant.

Jenkins, P. J., dissenting. In my opinion, the contract in this case is taken without the operation of the statute of frauds. The written recognition of an employment at so much per year, in the absence of anything further indicating the period of the employment intended, will be treated as meaning an employment for the term of a year. *Baldwin* v. *Western Union Tel. Co., 93 Ga.* 692,

695 (21 S. E. 212, 44 Am. St. R. 194) ; *Magarahan* v. *Wright,* 83 *Ga.* 773 (2), 777 (10 S. E. 584) ; *Mondon* v. *Western Union Tel. Co.,* 96 *Ga.* 499, 505 (23 S. E. 853). In this case the letter from the employer to the employee recognized the existence of a contract of employment at a stated salary for a period of a year. It further indicates within itself that the employment had actually commenced. Accordingly, the letter discloses that the contract was to continue from the date when the services had commenced for ·a period of one year at a fixed compensation. While the letter does not state when the services began, it does indicate that they had begun, and were to continue for the period of a year thereafter. When they did in fact begin is an independent fact which could be (and was) proven by parol evidence in no way altering or enlarging the terms of the contract itself as expressed in the letter. This is true under the familiar maxim that that is certain which can be made certain.

Moreover, there is authority which seems to indicate that the jury would have been authorized to find that the contract was taken without the operation of the statute of frauds for the additional reason that, after the beginning by the employee of his services, done in performance of and in pursuance of the parol agreement, he had refused different employment from other parties, with the result that a subsequent breach of the contract by the employer, under such circumstances, would render it a fraud upon the employee, who had thus partly performed the agreement and had acted to his injury in relying thereon. *Hightower* v. *Ansley,* 126 *Ga.* 8 (2) (54 S. E. 939, 7 Ann. Cas. 927) ; *Brown* v. *State,* 8 *Ga. App.* 211 (68 S. E. 865) ; *Williams* v. *Garrison,* 21 *Ga. App.* 44 (supra). Whether, under the circumstances, such part performance would take the contract without the operation of the statute of frauds is ordinarily a question for the jury, and not for determination by the court. See *Bryan* v. *Southwestern R. Co.,* 37 *Ga.* 26 ; *Richards* v. *Plaza Hotel Inc.,* 171 *Ga.* 827 (2), 834 (156 S. E. 809).