WHITE *v.* SIMPLEX RADIO COMPANY; *et vice versa.*

No. 12824. JUNE 24, 1939. REHEARING DENIED JULY 14, 1939.

*Houston White* and *David Gershon,* for plaintiff.
*Brandon, Hynds & Tindall* and *Furman Smith,* for defendant.

BELL, Justice. The Court of Appeals certified three questions in this case, the first question being as follows: "Is an oral contract of employment entered into in the year 1934 for the remainder of that year, which further provides that said contract of employment should continue from year to year thereafter unless notice of intention to terminate said contract for any succeeding year be given by either party 90 days prior to December 31 of the preceding year, within the statute of frauds as being an 'agreement . . that is not to be performed within one year from the making thereof' (Code, § 20-401, subsection 5), so that such employee can

not maintain an action for the breach of such contract for the year 1938, upon being discharged in February of that year (after having worked under said contract continuously since its inception), where no notice was given by the employer 90 days prior to December 31, 1937, of his intention to terminate the contract as of January 1, 1938? Attention is called to the following authorities, *Butler* v. *Godley,* 51 *Ga. App.* 784, and cases cited at page 787; 27 C. J. pp. 188, 189, §§ 119, 124; General Electric Inspection Co. *v.* Ebling, 101 N. Y. S. 648; *Morris* v. *Virginia Carolina Chemical Co.,* 48 *Ga. App.* 702; Dolan *v.* Miller (N. J.), 179 Atl. 619; Biest *v.* Ver Steeg Shoe Co., 70 S. W. 1081."

It seems that no similar question relating to contract of employment has ever before been decided either by this court or by the Court of Appeals of this State. So far as the courts of other jurisdictions have dealt with like questions, the decisions are not altogether reconcilable. On principle as well as what appears to be the greater weight of persuasive authority, we are of the opinion that the question here propounded should be answered in the affirmative; that is to say, that the statute of frauds is applicable. Under the Code, § 61-102, "Contracts creating the relation of landlord and tenant for any time not exceeding one year may be by parol." On construction of this statute it has been held that such a contract is enforceable even though it is made before the year begins. *Steininger* v. *Williams,* 63 *Ga.* 475; *Neely* v. *Sheppard,* 185 *Ga.* 771, 785 (196 S. E. 452) ; *Butler* v. *Godley,* 51 *Ga. App.* 784, 787 (181 S. E. 494). Contracts of employment, however, except contracts with overseers, are within the statute of frauds if they are not to be performed within one year "from the making thereof." Code, § 20-401 (5). Accordingly, a contract of employment for a period of one year, to begin at a future date, is subject to the statute of frauds and required to be in writing. *Kelly* v. *Terrell,* 26 *Ga.* 551; *Hudgins* v. *State,* 126 *Ga.* 639, 643 (55 S. E. 492) ; *Bentley* v. *Smith,* 3 *Ga. App.* 242 (2) (59 S. E. 720) ; *Bagwell* v. *Milam,* 9 *Ga. App.* 315 (4) (71 S. E. 684) ; *Williams* v. *Garrison,* 21 *Ga. App.* 44 (2) (93 S. E. 510) ; *Morris* v. *Virginia-Carolina Chemical Corporation,* 48 *Ga. App.* 702 (173 S. E. 486).

The agreement here under consideration not only covered the remainder of the year 1934, but further provided that "said contract . . should continue from year to year thereafter, unless

notice of intention to terminate said contract for any succeeding year be given by either party 90 days prior to December 31 of the preceding year." Seemingly there could be no substantial difference between a contract containing such a provision, and one made expressly for an indefinite number of years but subject to termination by either party on notice. In the latter case, according to a majority of the courts, the contract would be for more than a year and within the statute, whether or not the contingency as to notice was to arise more or less than a year from the original agreement. In Biest v. Ver Steeg Shoe Co., 97 Mo. App. 137 (70 S. W. 1081), it was said by the Court of Appeals of Missouri that "most cases . . hold a contract to render service for more than a year to be within the intention and force of the statute, notwithstanding one or both of the parties may have the option of ending it by notice in a year, because full performance can not be rendered in a year consistently with the understanding of the parties," many cases being cited. In Marble v. Clinton (Mass.), 9 N. E. 2d, 522, 111 A. L. R. 1101, it was said: "Contracts for service for more than a year, subject to termination within a year at the election of a party upon the happening of some event, or even at the mere will of a party, have generally been held to be within the statute. The contemplated performance would occupy more than a year. If the contract should be terminated within the year, the result would not be an alternative form of performance." The reason for this view was expressed in Meyer v. Roberts, 46 Ark. 80 (55 Am. R. 567), as follows: "Nor does it make any difference that the contract, if for more than a year, is subject to determination sooner on a given event. This is illustrated by the case of Dobson v. Collis (Eng. Ex. Rep., 1856), 1 Hurl. & Nor. 81, 156 Eng. Rep. 1126, where a traveling agent was employed for two years with a proviso that the contract might be determined on three months notice. Pollock, C. B., stated that the object of the statute was to prevent contracts not to be performed within the year from being vouched by parol evidence, when at a future period any question might arise as to their terms, and that a contract was not the less a contract not to be performed within a year because it might be put an end to within that period. And Alderson, B., observed: 'When once the contract exceeds the year, the circumstance that it is defeasible will not make it other than a contract for more than a

year. See the absurdity of holding otherwise; at the end of two years and a half one of the parties might claim a right to put an end to a parol contract for five years by giving three months notice; but the very object of dispute might be whether or no he had a right to give such notice. This shows that this is a contract within the statute.'" The facts in the Meyer case were as follows: The plaintiff made a contract in October, 1882, to work for the defendant for the remainder of that year, and also for the following year, provided neither party should object on the first day of January, 1883, to continuance of the arrangement. The plaintiff was discharged by his employer about May 1, 1883, and thereafter sued for damages. As indicated in the foregoing quotation, it was held on review that the contract was within the statute of frauds, and that the plaintiff could not recover. See also Wagniere v. Dunnell, 29 R. I. 580 (73 Atl. 309). The contract here under consideration falls squarely within the principle ruled in these cases. See also 25 R. C. L. 459, § 34; 27 C. J. 186, § 112.

Whether or not a contract for a term longer than a year but subject to termination by either party within a year from the original agreement should be distinguished from a contract for a year but subject to extension or renewal beyond that period, and whether also a distinction should be made between a contract containing a condition precedent as to its continuance and one containing a condition subsequent as to that feature (Code, § 20-110), the present agreement as applied to years after 1934 could not be sustained upon any theory that might result from such distinctions. By its express terms it was to continue for more than a year from its date in 1934, and even for an indefinite number of years, unless it was *terminated* by notice. This was a condition subsequent, in the nature of a defeasance provision, and did not prevent the contract as originally made from being one for more than a year. The contract was not merely for an indefinite *period* which might be terminated in less than a year; and therefore the instant case should be distinguished from cases like *Brazzeal* v. *Commercial Casualty Insurance Co.,* 51 *Ga. App.* 471 (180 S. E. 853), and Reynier v. Associated Dyeing & Printing Co., 116 N. J. L. 481 (184 Atl. 780, 104 A. L. R. 1102). Counsel for the plaintiff employee rely on the statement in 27 C. J. 188, § 119, to the effect that "Where an oral contract of employment for one year contains

a provision for its renewal upon certain conditions named, the provision for the renewal does not operate to bring the contract within the statute of frauds." The only authority cited for this statement was Woodall v. Davis-Creswell Mfg. Co., 9 Colo. App. 198 (48 Pac. 670). It appeared in that case that Woodall was employed by the defendant company in 1892 at a salary of $1,800 per annum for the remainder of that year and for the next year "if we [the defendant] can see our way clear." The plaintiff contended that he was unlawfully discharged on July 1, 1893, and sued for salary for the remainder of that year. The court held that there was no contract for more than the first year, saying that the next year was left open for future consideration and agreement, and that "The employment continued six months of the next year without a contract, except as implied from the former contract, the continued service, and acquiescence of the parties." So the statement quoted from Corpus Juris can mean only that if the original contract was not within the statute of frauds, a provision for its renewal did not bring it, the original contract, within the statute. The plaintiff also relies upon the following statement contained in the same section of the same work: "A continuing contract of service from year to year . . is not within the statute." An examination of the cases cited for this statement shows that it was based upon the idea that the parties did not intend a binding contract for more than a year, and that its renewal for each succeeding year depended upon acquiescence and implied agreement at the beginning of such new year. As was observed in Sines v. Wayne County Superintendent of the Poor, 58 Mich. 503 (25 N. W. 485), "The contract had been previously made for a year's service, and under that contract had gone on from year to year; and in such cases, if nothing is said or done by either party at the end of the year to terminate it, but on the contrary the person performing service is allowed to continue on without objection, the facts raise the presumption from which the jury have found that both parties have assented to the contract continuing in force for another year." In such case a new agreement is made by implication at the beginning of each new year, and, being only for the period of that year, is not within the statute. To the same effect, see Passino v. Brady Brass Co., 83 N. J. L. 419 (84 Atl. 615); Smith & Egge Mfg. Co. v. Webster, 87 Conn. 74 (86 Atl. 763); Reynick v. Allington & Curtis Mfg. Co., 179 Mich. 630 (146 N. W. 252).

Under the facts of the instant case as indicated in the question certified, the original agreement did not contemplate the making of a new contract, either expressly or impliedly, at the *beginning* of any new year and merely for the period of that year, but intended that it should be continued in force as to any new year only by the failure of either party to give the notice of intention to terminate 90 days before December 31, that is, in advance of the new year. The parties apparently desired to know beforehand whether the agreement would be continued in force for any succeeding year, and thus provided that the question of its continuance should be determined by a meeting of minds upon such question 90 days before the year began. If the failure to give the notice was not intended to have the effect here stated, the stipulation regarding it would seem to be utterly useless so far as relieving the parties of any previous uncertainty as to whether the agreement would be continued for any succeeding calendar year. A proper construction of the contract, therefore, must be that the failure of the employer to give the notice on or before October 2 in any year would result *at that time* in an unconditional agreement to continue the contract for an additional year beginning January 1 thereafter. It follows that as to the year 1938, whether the agreement be considered as dating from its inception in 1934, or from the failure to give the notice in 1937, it was not to be performed within a year "from the making thereof." Counsel for the employee cited the case of General Electric Inspection Co. *v.* Ebling, 52 Misc. 145 (101 N. Y. Supp. 648), as "squarely in point," in support of their contention that the statute of frauds is inapplicable. Whether or not that case may be distinguished from the case at bar, it does not persuade us to a different conclusion. That and other decisions pro and con are referred to and discussed in editorial note in 111 A. L. R. 1105, following the report of Marble *v.* Clinton, supra. See also 4 Ann. Cas. 170. This court is committed to the doctrine that where a contract specifies no time for its performance except that the performance depends upon some contingency, it is not within the statute if the contigency may happen within a year. *Burney* v. *Ball,* 24 *Ga.* 505 (4) ; *Alderman* v. *Chester,* 34 *Ga.* 152 (2) ; *Y. M. C. A.* v. *Estill,* 140 *Ga.* 291, 294 (78 S. E. 1075, 48 L. R. A. (N. S.) 783, Ann. Cas. 1914D, 136). Our conclusion in the present case does no violence to this prin-

ciple. This is true for the reason that the contract here under consideration did expressly specify that it was to continue for more than a year.

It is said for the employee that the situation here presented is somewhat analogous to a tenancy from year to year; and that, although a tenancy for a period longer than a year is required to be in writing, this court has held that a tenancy from year to year does not have to be in writing. *Springfield Fire & Marine Insurance Co.* v. *Price,* 132 *Ga.* 687 (4), 697 (64 S. E. 1074). See also *Butler* v. *Godley,* supra. The distinction noted at the outset of this opinion might be a sufficient answer to this argument; but we may call attention to the fact that in the case of landlord and tenant, an oral contract is binding only to the end of the first year, and that for each succeeding year the contract is renewed, *as of the beginning of the year,* by acquiescence. In *Roberson* v. *Simons,* 109 *Ga.* 360 (34 S. E. 604), it was held: "Where land is rented to a tenant for one year at a stipulated rental, and after the expiration of the term the tenant, without further contract, remains in possession and pays the rental annually at the agreed rate, a tenancy from year to year is created." As shown in the opinion in that case, the rule is based upon the theory that if there is a lease for a year, and if by consent of both parties the tenant continues in possession afterwards, "the law implies a tacit renovation of the contract," a principle which has heretofore been noticed in the course of this opinion.

We do not construe the question propounded by the Court of Appeals as embracing any inquiry as to whether the instant agreement may have been removed from the operation of the statute of frauds by part performance; and accordingly no opinion is expressed or intimated upon that subject. This construction of the question accords with the position taken by counsel on each side, as nothing was said on the latter question in any of the briefs filed in this court. *Answer in affirmative. All the Justices concur.*