27253, 27254. WHITE *v.* SIMPLEX RADIO COMPANY; and *vice versa.*

DECIDED NOVEMBER 29, 1939.

*Houston White, David Gershon,* for plaintiff.
*Brandon, Hynds & Tindall, Furman Smith,* for defendant.

MACINTYRE, J. 1. An oral contract of employment, entered into in 1934 for the remainder of that year, which provided that it should continue from year to year thereafter, unless notice of intention to terminate it for any succeeding year be given by either party ninety days before December 31st of the preceding year, falls within the provisions of the statute of frauds, as an "agreement . . that is not to be performed within one year from the making thereof." Code, § 20-401 (5). Accordingly, the person so

158

employed can not maintain an action for breach of such contract for the year 1938, upon being discharged in February of that year (after having worked under said contract continuously since its inception), though no notice was given by the employer ninety days before December 31st, 1937, of his intention to terminate the contract as of January 1st, 1938. *White* v. *Simplex Radio Co.*, 188 *Ga.* 412 (3 S. E. 2d, 890).

2. The present petition, when properly construed on demurrer, was one seeking damages for a breach of a contract of employment of the character stated in the above ruling. It follows that the judge did not err in sustaining a general demurrer on the ground that such contract was unenforceable under the provisions of the statute of frauds.

3. "When a demurrer to a petition is based on several grounds, and the court in terms sustains some of them, and thereupon dismisses the petition, the judgment will be affirmed whether these grounds were well taken or not, if the other grounds of demurrer were good." *Crittenden* v. *Southern Building & Loan Asso.*, 111 *Ga.* 266 (5) (36 S. E. 643); *Cone* v. *Davis*, 179 *Ga.* 749 (177 S. E. 558). Accordingly, while in the present case the judge sustained a ground of the demurrer that the petition sought no recoverable damages, since the petition was subject to the other ground of general demurrer that the contract sued on was not enforceable under the statute of frauds, the judgment dismissing the action will be affirmed without reference to the merit of the demurrer actually sustained.

4. The principle of law that "where a contract of employment is made for a year's service, and at the end of the year nothing is said or done by either party to terminate it, but on the contrary the employee is allowed to continue on without objection, the presumption is that both parties have assented to the contract continuing in force for another year, and the oral agreement for another year's employment is therefore not within the statute." (27 C. J. 188; *Standard Oil Co.* v. *Gilbert*, 84 *Ga.* 714, 11 S. E. 491, 8 L. R. A. 410); *National Mfg. Cor.* v. *Dekle*, 48 *Ga. App.* 515, 173 S. E. 408), has no application to the facts of the present case, since the only contract of employment here alleged was one for the remaining portion of the year 1934 and from year to year thereafter, unless notice of intention to terminate said contract for any succeeding

year be given by either party ninety days before December 31st of the preceding year, which agreement was itself void under the statute of frauds. In such case there could be no implied agreement for employment for any succeeding year by virtue of the fact that the plaintiff continued to work after the first of such succeeding year, since the parties had expressly agreed under what conditions the contract would continue for a succeeding year. Their agreement with reference thereto being invalid under the statute of frauds, there was no valid contract of employment for such succeeding year, either express or implied.

5. While part performance of an oral contract of employment which is void under the statute of frauds, which has resulted in benefit to the employer and injury to the employee, will operate to exempt the contract from the requirements of the statute (Code, § 20-402, par. 3), the petition in the present case does not affirmatively show that the performance by the plaintiff under the contract to the time of the alleged breach resulted in any loss to the plaintiff. The petition merely contains allegations going to show that the plaintiff sustained a loss only as a part of the performance rendered under the contract, to wit, from October, 1937 to February, 1938, the latter being the date when the plaintiff was discharged.

6. The action was properly dismissed on general demurrer.

*Judgment affirmed on the main bill of exceptions; cross-bill dismissed. Broyles, C. J., and Guerry, J., concur.*