28421.   YARBOROUGH *v.* HI-FLIER MANUFACTURING COMPANY.

Decided November 27, 1940.

728

*James H. Dodgen,* for plaintiff.

*Alex. P. Gaines, Jones, Fuller, Russell & Clapp,* for defendant.

STEPHENS, P. J. (After stating the foregoing facts.) One of the grounds of general demurrer was that it appeared from the declaration as amended that the suit was "on an oral contract not to be performed within one year, and such is therefore not enforceable under the statute of frauds." The statute of frauds embraces "any agreement . . that is not to be performed within one year from the making thereof." Code, § 20-401. In *White* v. *Simplex Radio Company,* 61 *Ga. App.* 157 (5 S. E. 2d, 922), following answer of the Supreme Court to certified question (188 *Ga.* 412, 3 S. E. 2d, 890), it was held: "An oral contract of employment, entered into in 1934 for the remainder of that year, which provided that it should continue from year to year thereafter, unless notice of intention to terminate it for any succeeding year be given by either party ninety days before December 31st of the preceding year, falls within the provisions of the statute of frauds, as an 'agreement . . that is not to be performed within one year from the making thereof.' . . Accordingly, the person so employed can not maintain an action for breach of such contract for the year 1938, upon being discharged in February of that year (after having worked under said contract continuously since its inception), though no notice was given by the employer ninety days before December 31, 1937, of his intention to terminate the contract as of January 1, 1938." See also *Morris* v. *Virginia-Carolina Chemical Cor.,* 48. *Ga. App.* 702 (173 S. E. 486) ; *Dameron* v. *Liberty National Life Insurance Co.,* 56 *Ga. App.* 257 (192 S. E. 446). It appears from the declaration as amended that the oral contract, under which the plaintiff was engaged in the sale of the defendant's products in the designated territory, was to continue from year to year until and unless it was terminated by one of the parties on or before July 1 of the calendar year next preced-

ing the business season for the sale of the defendant's products; and that no notice of termination of this agreement having been given by the defendant to the plaintiff on or before such date the plaintiff entered into the performance of the contract for the 1939-1940 season. Under the ruling made in the *White* case, supra, the contract fell within the statute of frauds. Code, § 20-401(5).

The principle of law that where a contract of employment is made for a year's services, and at the end of the year nothing is said or done by either party to terminate it, but on the contrary the employee is allowed to continue without objection, the presumption is that both parties have assented to the contract continuing in force for another year, and the oral agreement for another year's employment is therefore not within the statute, has no application to the facts of the present case since the only contract here alleged and sued on was one beginning about five years before the 1939-1940 season and continuing from year to year thereafter unless notice of intention to terminate such agreement for any succeeding year be given by either party on or before July 1 of the preceding year. This agreement was not to be performed in a year and was therefore not enforceable under the statute of frauds.

The amendment of February 29, 1940, added to paragraph 4 of the declaration as amended by paragraph 2 of the amendment of February 19, 1940, that on or about July 1, 1939, the plaintiff and the defendant entered into an oral agreement by which the plaintiff would represent the defendant during the 1939-1940 season upon the same terms and conditions as in the previous years, and that such "contract was renewed each year after its commencement by oral agreement" does not, since it appears elsewhere that the season begins in September, show an oral contract to begin in præsenti. The plaintiff's declaration, as thus amended by both amendments, clearly shows an oral contract not performable within a year, and therefore one within the statute of frauds.

Nor does it appear from the declaration as amended, that there was such a part performance of the contract as would take it without the statute of frauds. See Code, § 20-402, which provides: "The foregoing section does not extend to the following cases, viz.: 1. When the contract has been fully executed. 2. Where there has been performance on one side, accepted by the other in accordance with the contract. 3. Where there has been such part

performance of the contract as would render it a fraud of the party refusing to comply; if the court did not compel a performance." No loss is shown to have been incurred by the plaintiff, and no performance in accordance with the terms of the contract of benefit to the defendant appears. The fact that the plaintiff made plans and began to work under the contract from July 1 to September 29, 1939, is not such part performance as to take it without the statute of frauds. See *Alexander-Seewald Co.* v. *Marett, 53 Ga. App.* 314 (185 S. E. 589) ; *Neuhoff* v. *Swift & Co.,* 54 *Ga. App.* 651 (188 S. E. 831) ; *Morris* v. *Virginia-Carolina Chemical Cor.,* supra; *Dameron* v. *Liberty National Life Ins. Co.,* supra; *Bentley* v. *Smith, 3 Ga. App.* 242 (59 S. E. 720) ; *Bagwell* v. *Milam, 9 Ga. App.* 315 (4) (71 S. E. 684). It does not appear from the declaration as amended that the plaintiff did more than to make his arrangements and enter into the business of the defendant "as he had been doing for · many years, for the 1939-1940 season." This, as appears from the contract, shows no such loss to him or benefit to the other party as would render it a fraud on the plaintiff for the other party to fail to carry out the contract. While it is alleged generally that the plantiff employed salesmen to assist him in representing the defendant in the designated territory and that for the last three years he had employed as many as three salesmen, it does not appear that the plaintiff had employed salesmen and paid them salaries, or incurred any expense in connection therewith for the 1939-1940 season.

Applying the above principles, the declaration as amended failed to set out a cause of action, and the trial court did not err in sustaining the general demurrer thereto and in dismissing the declaration.

*Judgment affirmed. Sutton and Felton, JJ., concur.*