### CLEAPOR v. ATLANTA, B. & C. R. CO.
#### No. 10064.

Circuit Court of Appeals, Fifth Circuit.

Nov. 10, 1941.

Thomas B. Branch, Jr., of Atlanta, Ga., for appellant.

Furman Smith, of Atlanta, Ga., for appellee.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

HUTCHESON, Circuit Judge.

Claiming a wrongful discharge, plaintiff sued under Title 45 U.S.C.A. § 151 et seq., to enforce an award of the Railroad Adjustment Board, Fourth Division, ordering his restoration to service with seniority rights unimpaired but without pay for time lost. More particularly stated, his claim was that, though he was acting in a supervisory capacity, and was excluded by Subdivision (c) Rule 12[1] of the collective agreement of November 20, 1935, between defendant and its car department employees, under which he claims, he was within its protection under a verbal agreement. This agreement was that "all the terms and conditions of the contract were applicable to him, that all of the rights granted to any of the employees of the car department were also granted to him, that the terms of such contract insofar as they were applicable, were likewise terms of plaintiff's contract of employment with the defendant."

From his petition it appears: That he was employed originally as a car inspector,

promoted in 1922 to Chief Car Inspector and in 1923, to Master Car Builder Inspector, and that at the time he accepted the last position it was agreed between him and the defendant that he would remain an employee of the car department, would retain his seniority as such, and would have all the privileges and rights that other employees of the car department then had or might thereafter acquire. It further appears therefrom, that prior to November 20, 1935, when a bargaining contract, for a year fixed and thereafter until abrogated by notice, was entered into, but after its terms had been tentatively agreed upon, plaintiff, to protect himself against its exclusionary and superseding[2] provisions, made the verbal agreement he claims.

There were the further allegations; that notwithstanding said verbal agreement, plaintiff was summarily dismissed from the service of defendant and defendant never at any time preferred any charges against him and refused so to do; that plaintiff as a member of the car department first submitted his complaint to the Atlanta, Birmingham and Coast Railroad Car Department Employees Adjustment Board and that Board found that plaintiff was in a supervisory position and the Board was without jurisdiction of his cause; that he then applied to the Second Division of the Railroad Adjustment Board having jurisdiction over car men, and that division de-

---

[1] Rule 12(a). "No employee shall be dismissed from the service of the Company or demoted from one class to another without first having charges preferred by foreman or official in charge and given an investigation within ten days, being allowed to present a reasonable number of witnesses in his behalf at such investigation. If charges are sustained and he is dismissed from the service he will be notified in writing within ten days. Discipline will take effect from time of investigation, otherwise he will stand exonerated and resume his former duties. If after a fair and impartial trial he is vindicated, he will be paid for such time as he would have received had he been in actual service.

"(b) An employee who believes he had been unjustly dealt with shall endeavor to make an adjustment with his immediate foreman. Any further handling in person or through a representative of this Association may be with General Foreman or Master Mechanic.

"The right of appeal shall be granted; the appeal to be made in writing to the Superintendent Motive Power.

"Should the Superintendent Motive Power and the aggrieved employee or his representative fail to agree, the case shall then be handled in accordance with the Railway Labor Act.

"(c) It is to be understood that employees acting in a supervisory capacity will not be covered by this rule or contract.

"(d) No special agreement, either verbal or in writing, shall be made to conflict with this agreement."

[2] Rule 13. "(a) The foregoing agreement on working rules shall take effect as of November 20th, 1935, superseding all former rules and agreements and shall remain in force without change for one year from that date and thereafter, unless otherwise revised or abrogated, of which intention either party must give the other party twenty (20) days written notice, such notice to contain a statement of the changes desired, conference to be held immediately upon the expiration of the twenty (20) days period unless another date is mutually agreed upon."

clining jurisdiction, he then applied to the Fourth Division which has jurisdiction over all employees not under the jurisdiction of the first, second and third divisions. That Division found; that it had jurisdiction; that the work performed by the petitioner was that of a subordinate official; and "that both employees in the incident were at fault, that petitioner by being deprived of his employment since the date of the occurrence, had been sufficiently disciplined and that he shall be restored to service with seniority rights unimpaired but without pay for lost time." Finally plaintiff alleged that defendant has refused to obey the award and prayed for its enforcement and for general relief.

The defendant moved to dismiss on the ground that the award was unenforceable and void because, from the allegations of the petition that plaintiff claims to be a car man, it is plain that the Fourth Division was without jurisdiction of the dispute; and because if with jurisdiction, the award was invalid for want of definite findings of fact. A further ground of its motion to dismiss, was that the claim of plaintiff, that he had a binding contract which had been breached was contradicted by the facts alleged in his petition, showing that his contract was indefinite, and if indefinite, was in parol and void under the Georgia Statute of Frauds. Code of 1933, Section 20-401(5).

The district judge, of the opinion that the motion to dismiss was good, sustained it and dismissed the action.

In System Federation No. 59 v. Louisiana & A. Ry. Co., 5 Cir., 119 F.2d 509, we have had recent occasion to consider the rights of persons under collective bargaining agreements. We there held, under a contract providing that no employee will be dismissed or suspended without just or sufficient cause, and only after complaint and hearing, that persons coming or accepting under such contract, have their tenure and rights governed by its terms, and may sue to redress their grievances for action taken contrary thereto.

If therefore, plaintiff, in addition to alleging that he had been discharged without just or sufficient cause and without the hearing provided for in Rule 12, of the invoked written contract, had alleged facts showing that he was a party to it and entitled to its benefits, we should be bound to hold that he had stated a cause of action and that the judgment of dismissal was wrong. But the petition does not claim that plaintiff was a party to the written contract and his case must be tested by whether the verbal contract he alleges is a valid one under the laws of Georgia, where it was made, and was to be performed, and whether there has been a breach of it. As his petition states it, this is plaintiff's case as to his contract. Holding a supervisory position, which, by the terms of a written collective bargaining agreement about to be made, was excluded from its provisions, plaintiff, in order to obtain its benefits, one of which was the provision for a hearing accorded by Rule 12, made a verbal agreement with defendant that he should have the benefits of the agreement where applicable to him.

As he did below, appellee contends here, both that the award was invalid and that plaintiff stated no enforceable claim for relief. In the view we take of the case, that plaintiff's petition does not state an enforceable claim, it is unnecessary for us to consider the questions raised upon the award, (a) whether the Fourth Division had jurisdiction, (b) whether the award was invalid for want of definite findings of fact, (c) or whether it is invalid because it does not confine itself to determining the fact as to whether the conduct for which plaintiff was discharged was wrongful, but instead, determines that his conduct was wrongful and then undertakes to determine the punishment which should follow such conduct.

On the merits, appellee points out that the petition alleges that Mr. Kirkland, his superior, informed plaintiff that "the terms of such contract (the collective bargaining agreement of November 20th, 1935) were insofar as they are applicable, likewise terms of plaintiff's contract of employment with defendant", and insists (1) that this was not an agreement with the defendant but only a construction by Kirkland of the effect the contract would have on plaintiff, and (2) that an examination of the written contract discloses no terms which were applicable to plaintiff. It argues therefore, that no agreement to adopt the written contract was pleaded and if it was, no provision of it was or could be applicable to plaintiff, and that this was particularly so as to Rule 12, dealing with discipline, because in terms it provided that "employees acting in a supervisory capacity will not be covered by the rule." In addition, appellee insists that if the petition

be construed as pleading an oral contract to adopt the provisions of the written contract, such agreement, by bringing plaintiff within the written contract, notwithstanding his express exclusion therefrom, would be to contradict the writing by parole. Finally, it argues that such agreement would be invalid under the Georgia Statute of Frauds, as an agreement that is not to be performed within one year from the making thereof.

Inartificially drawn as it is, we think the pleading should be construed as intending to say and saying that defendant through Kirkland agreed with plaintiff, that notwithstanding Subdivision (c) of Rule 12, the provisions of Rule 12, should be applicable to plaintiff. We think too that such an agreement if otherwise valid, would not be unenforceable, as the contradiction of a written agreement by parole. We therefore reject as untenable, appellee's positions that (a) as pleaded, the contract is too indefinite and (b) it is violative of the parole evidence rule.

The matter stands differently however, with regard to its third position, that the oral contract as pleaded is an agreement that is not to be performed within one year from its making, and is void and unenforceable under the Statute of Frauds. For, taking appellant's pleading most favorably, he alleges that before the execution of the written agreement, he entered into a binding oral agreement for employment from that time, for a term running one year from November 20th, 1935, and thereafter in accordance with its terms. Such an agreement is clearly void. White v. Simplex Radio Company, 188 Ga. 412, 3 S.E.2d 890; Yarborough v. Hi-Flier Mfg. Co., 63 Ga.App. 725, 12 S.E.2d 133; Morris v. Virginia-Carolina Chemical Corp., 48 Ga.App. 702, 173 S.E. 486; Williams v. Garrison, 21 Ga. App. 44, 93 S.E. 510. Nor does the fact that appellant entered upon and continued in the performance of the contract, avail as part performance, to take it out of the Statute of Frauds. For the suit is not one for the recovery of monies earned, for past performance, but one in effect for the specific enforcement of a continuing future performance of the contract. The authorities appellant cites are not in point.

Because the petition did not set out facts entitling plaintiff to recover, the judgment of dismissal was right, and it is affirmed.